## SEEKATZ v SPARKS

Ohio Appeals, 1st Dist, Hamilton Co

No 5131.   Decided Feb 8, 1937

Nicholas Bauer, Cincinnati, for appellant.

August A. Rendigs, Cincinnati, and Wm. H. Fry, Cincinnati, for appellee.

## OPINION

By HAMILTON, J.

This law suit grows out of an automobile collision at the intersection of Round Bottom Road and Valley Avenue in Hamilton County, Ohio. Round Bottom Road is a main highway and is intersected by Valley Avenue.

The plaintiff, appellant in this court, was travelling south on Round Bottom Road. The defendant, appellee, was travelling east on Valley Avenue. The automobiles came together at or near the intersection and plaintiff was seriously injured.

The trial resulted in a verdict for defendant.

Several specifications of error are stressed. We find but two of the errors claimed to be of sufficient importance as to require consideration.

The first is, the claimed error in the general charge of the court on the question of the right of way at the intersection. In the general charge, the court charged:

"It being undisputed by evidence that Round Bottom Road was a highway between Hamilton County and Clermont County, I say to you that it was a main thoroughfare. When the law says that a vehicle going on a main thoroughfare has the right of way, by right of way is meant the right of such vehicle to proceed uninterruptedly in a lawful manner in the direction in which it is moving and in preference of another vehicle approaching from a different direction in which it is travel-

ling. In other words, the vehicle going southwardly on Round Bottom Road had the right of way against the vehicle coming out of Valley Avenue, that is to say, it had the right of way if that vehicle going south on Round Bottom Road arrived at the intersection at or before the other vehicle."

This charge does not correctly state the law on the question of the right of way. The vice in the charge is: "It (the vehicle) had the right of way if that vehicle going south on Round Bottom Road arrived at the intersection at or before the other vehicle." This was the charge given in the case of **Heidle, etc., v Baldwin, 118 Oh St, 375,** and denounced in the case of **Morris v Bloomgreen, 127 Oh St 147.**

It is the law that the vehicle on the main highway has the absolute right of way over a vehicle on a road intersecting such highway, charged only with the requirement that he proceed in a lawful manner.

Counsel for appellee suggests that this charge was not prejudicial, for the reason that the plaintiff was proceeding on the left side of the road, contrary to law, and, therefore, lost his preferential right. There was evidence to that effect, but there was also evidence to the contrary, as shown by the reported evidence on pages 53, 54, and 55 of the bill of exceptions, where an eyewitness testified that the plaintiff Zeekatz was coming down the west side of Round Bottom Road; the west side would be the right-hand side. An eyewitness testified that the collision took place on the west side of the road. He also testified that the defendant's car hit plaintiff's car in the side, that the front of his automobile hit the side of the plaintiff's car. While there was a witness who testified that the plaintiff was on the east side of the road, this, of course, was a question of the credibility of the witness and a fact for the jury's determination.

The jury could well determine from the evidence that the plaintiff was on the right side of the road, travelling in a lawful manner, and did not forfeit his preferential right. Under these facts, the vice of the charge is apparent. It presents a state of facts that the Supreme Court stated in **Morris v Bloomgreen, supra,** that the legislature sought to avoid, to-wit: a race for the right of way at the intersection.

It is argued by counsel for the appellee

ERRATA:—Second word, second line, first column (above) should be "preferential" instead of "prejudicial."

that there was no prejudice in giving the charge. The statements heretofore made, however, indicate the prejudicial character of the charge.

The reasonable inference from the verdict of the jury is that the automobiles arrived at the intersection at about the same time and both were careless. This, of course, takes away plaintiff's preferential right to proceed uninterruptedly in a lawful manner. It was held prejudicial in **Morris v Bloomgreen, supra** and is of equal importance in the instant case.

The Supreme Court having found a similar charge to be reversible error in **Morris v Bloomgreen**, it necessarily follows it is prejudicial and reversible error in the case under consideration.

The other point of error stressed is that the court erred in giving special charge No. 4. That charge is:

"I charge you that the defendant, Russell Sparks, when he entered the intersection of Valley Avenue and Round Bottom Road, had the right to assume that vehicles proceeding southwardly on Round Bottom Road at the time and place of the collision would be operated at a lawful rate of speed and under reasonable control."

This charge would be misleading under the circumstances, as it suggests equal rights at the intersection, the effect of which would be to deprive plaintiff of his preferential right. As an ordinary proposition of law, relative to intersections, the charge, of course, would be correct, but applying it to the case under consideration, it is misleading. It was error to give this charge under the facts of the case.

The other errors complained of we do not find to be of a prejudicial character.

For the errors suggested, the judgment is reversed and the cause remanded to the court of common pleas for a new trial according to law.

TATGENHORST, PJ, and ROSS, J, concur.