**PLUMMER, Plaintiff-Appellant, v. PEOPLES TRANSIT CO., Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 2138.   Decided May 1, 1951.

Pickrel, Schaeffer & Ebeling, Dayton, William H. Selva, of Counsel, for plaintiff-appellant.

Landis, Ferguson, Bieser & Greer, Dayton, Charles S. Bridge, of Counsel, for defendant-appellee.

## OPINION

By HORNBECK, PJ:

This is an appeal on questions of law from a judgment for the defendant entered on the verdict of a jury.

The action was for personal and property damages to plaintiff caused by a collision between an automobile driven by the plaintiff and a bus operated by a driver for the defendant company. The collision occurred on State Route 48 a short distance from the limits of the City of Dayton. The plaintiff was driving south on Route 48 and defendant's driver was moving into the east lane of the west half of said highway coming out of a bus loop to the east of the highway.

One of the specifications of negligence of the petition was that defendant's driver did not yield the right of way to plaintiff. The answer was a general denial and an allegation that the collision was caused by the sole negligence of the plaintiff in driving his automobile at the time and place of the collision at a rate of speed greater than was reasonable and proper, to-wit: in excess of sixty miles per hour.

The verdict of the jury was for the defendant "according to special instruction No. 6," which is set out hereafter.

The first assignment is that the Court erred in giving defendant's special charges Nos. 4, 6 and 7.

No. 4. "I charge you, members of the jury, that the operator of the defendant's trolley bus, as he operated the trolley bus from the loop onto North Main Street, had the right to assume, until he learned to the contrary, that any vehicle being operated southwardly on that street was being operated at a lawful rate of speed."

The charge is unobjectionable. **Heidle v. Baldwin, 118 Oh St**

375, 1 syl.; **Morris v. Bloomgren, 127 Oh St 147, 1, 3** and **4 syl.; Swoboda v. Brown, 129 Oh St 513.**

No. 6. "If you find, members of the jury, that the collision between the plaintiff's automobile and the defendant's trolley bus was proximately caused by the combined negligence of the defendant's trolley bus and the plaintiff, then the plaintiff can not recover against the defendant in this action, and the verdict in that event must be for the defendant."

It is claimed that this charge is erroneous in that it assumes the negligence of the plaintiff. We think not. The jury could not find combined negligence until first it had found negligence of both parties and this right is reserved to the jury by the plain intendment of the instruction.

It is true, as we hereafter point out, that the Court improperly defined negligence as to the plaintiff, but that does not affect the correctness of this instruction.

No. 7. "If you find, members of the jury, that the plaintiff in the exercise of ordinary care could have seen the defendant's trolley bus moving into the highway in time in the exercise of ordinary care to have avoided colliding with it, and yet failed to do so, and you find such failure on his part was the proximate cause or one of the proximate causes of the collision, then the plaintiff can not recover in this action, regardless of what the defendant did or failed to do."

The charge did not recognize the prerequisite conditions upon which the plaintiff would be required to exercise ordinary care as found in the 5th syllabus of Morris v. Bloomgren, supra. They are that, if the driver lawfully approaching from the right, just as he is approaching or entering the intersection, discovers that the driver approaching from the left is not yielding the right of way and has thereby placed himself in a perilous situation, it becomes the duty of the former to use ordinary care not to injure the latter after becoming aware of his perilous situation. Under the charge as given, the degree of care enjoined upon the plaintiff was ordinary care not only when and if he discovered the defendant's driver to be in a position of peril, but at all times even as he approached and before he entered the path of plaintiff's car. This permitted the jury to determine whether or not plaintiff had the right to assume, in the exercise of ordinary care, that defendant's driver would yield the right of way, whereas he had the positive right to assume that defendant's driver would yield that right until he knew otherwise. The charge is in contradiction of the prohibition in the second syllabus of Morris v. Bloomgren, that the driver en-

titled to the preference shall not be put upon an equal plane with the other driver and relegated to the rule of care existing at common law. The only qualification to the preferential status of the motorist who has the right of way at an intersection is that he approach the intersection in a lawful manner. He might be observing that obligation and yet, by the special charge, be found by the jury to have failed to exercise ordinary care. The 5th syllabus of Morris v. Bloomgren pronounces a rule much like the doctrine of last chance and before it can be given application all of its essential elements must appear.

The second assignment of error is directed to the refusal of the trial judge to give two special charges before argument requested by plaintiff.

Without extended comment we hold that they were properly refused. The first, because upon plaintiff's theory of the case, as pleaded and developed, it did not present an issue as to any emergency with which he was confronted. The second, because it did not include the requisite that the negligence of defendant, if any, must be found to be a proximate cause of damage to the plaintiff.

The third error assigned is directed to the general charge of the Court and particularly:

(a)

"If the defendant, Peoples Transit Company, and the plaintiff, Marvin J. Plummer, owner and driver of the automobile, at the time and place were engaged in the lawful use of the highway, each owed the duty of using ordinary care for his own safety and the safety of the other. **Both the driver of the automobile and the bus driver had an equal right to the use of the highway at said time and place of the collision.**"

And later:

(b)

"In the exercise of his equal rights on the road, the operator of an automobile, in the exercise of ordinary care, has a right to cross an intersection, even if he observes a bus approaching, provided there is a reasonable opportunity for him to cross, in the exercise of ordinary care, without obstructing the passage of the bus unnecessarily; and provided further that the operator of the automobile does not undertake to cross the intersection in front of an approaching bus in such close proximity to the bus at the time he attempts to cross. that the bus operator if running at an ordinary and lawful speed, may not be able, by the exercise of ordinary care, to avoid a collision with the automobile."

(a) is incorrect in that part which is underscored.

(b) is incorrect in that it assumes in the first part thereof that both parties had equal rights at the intersection and in the latter part accords the right of the automobilist, the plaintiff, to cross the intersection only if, in the exercise of ordinary care, he can do so without obstructing the passage of the bus unnecessarily. This is a denial of the preferential right of way at the intersection to the plaintiff though he may be proceeding in a lawful manner as he approaches it. Its effect is to give the preference of right of way at the intersection to the defendant. Morris v. Bloomgren, supra; **Seekatz v. Sparks, 24 Abs 472.**

Another part of the general charge to which objection is urged is:

"I say to you in this respect, that if the plaintiff herein violated the provisions of §6307-21 GC, and drove his automobile in excess of fifty miles per hour, then such a violation on the part of plaintiff would be prima facie negligence."

The statute reads: "It shall be prima facie unlawful for any person to exceed any of the speed limitations in this or in other sections of this act." The charge conforms to the language of the statute. The speed "in excess of fifty miles per hour" at the place of the collision was, by the section, prima facie unlawful and, therefore, prima facie negligent.

The court later said:

"If you find that the plaintiff was operating his automobile at a speed that was greater than was reasonable and proper at the time and place, having due regard for the traffic and conditions of the weather at the time, then I charge you he is guilty of violating the General Code of the State of Ohio, and is guilty of negligence as a matter of law."

That part of the charge reading "having due regard for the traffic and conditions of the weather at the time" does not include the other factors which the jury shall consider, as set out in the statute, viz: "surface and width of the highway and of any other conditions then existing." It is safe procedure to embody all of the terms of the statute.

Our Supreme Court has said that a violation of the "assured clear distance ahead" provision of §12603 GC, now §6307-21 GC, is negligence per se. **Skinner v. Penna. R. R. Co., 127 Oh St 69; Gumley, Admstr. v. Cowan, 129 Oh St 36; Kormos v. Cleveland Retail Credit Men's Co., 131 Oh St 471. Swoboda v. Brown, 129 Oh St 513,** holds that:

"Though the violation of the general speed provisions of §12603 GC, may not properly be denominated negligence per

se, an instruction that such violation constitutes negligence or failure to exercise ordinary care is not erroneous."

The charge of the trial judge in the instant case is substantially the same as the charge in Swoboda v. Brown, supra, and would not support a reversal of the judgment. See **Sweeney v. Schneider, 73 Oh Ap 157.** The charge which we disapproved in **Palmer v. Roof, 84 Oh Ap 120,** is somewhat different from either of the charges which we have just considered.

We find that the giving of defendant's special charge No. 7 before argument, and the general charge in the particulars heretofore discussed was prejudicially erroneous to the plaintiff.

The judgment will be reversed and cause remanded for a new trial.

WISEMAN and MILLER, JJ, concur.