PELTIER, APPELLANT, *v.* SMITH, APPELLEE.

172

(No. 433—Decided March 19, 1946.)

*Messrs. DeWeese & DeWeese,* for appellant.
*Mr. Edward H. Allen,* for appellee.

WISEMAN, J. This is an appeal on questions of law from the judgment of the Municipal Court of Piqua, Ohio, wherein the defendant recovered judgment on his cross-petition in the amount of $300 in an action for damages growing out of an automobile collision. The case was tried without the intervention of a jury.

The plaintiff claims that the judgment of the trial court was against the manifest weight of the evidence and contrary to law.

The collision between the two automobiles occurred at about noon on March 30, 1945, at the intersection of College street and Young street in the city of Piqua. It is admitted in the pleadings and conceded that College street is a main thoroughfare and in the business or built-up section of the city. College street runs in a northerly and southerly direction. Young street, being the intersecting street, runs in an easterly and westerly direction. On the east side of College street there was a switch track which was used as part of the street, and on the west side was a hydraulic canal which had been filled and was used as part of the street, making College street a rather wide street at this intersection. East of College street on the north side of Young street was a stop sign to warn drivers of motor vehicles that they were approaching a through highway. The pavement was wet at the time of the colli-

sion because of rain. It is conceded that the sections of the Uniform Traffic Act apply, as there were no city ordinances in effect at the time. Section 6307-42, General Code, requires an operator of a motor vehicle intending to enter a through highway to yield the right of way to all other vehicles on such through highway. It provides also that the operator of a motor vehicle shall stop in obedience to a stop sign at an intersection and shall yield the right of way to other vehicles not so obliged to stop.

In Section 6307-2, General Code, a "through highway" is defined to be, "Every highway or portion thereof at the entrance to which vehicular traffic from intersecting highways is required by law to stop before entering or crossing the same." In the same section "Right of way," with reference to motor vehicles, is defined as follows: "The right of a vehicle * * * to proceed uninterruptedly in a lawful manner in the direction in which it * * * is moving in preference to another vehicle * * * approaching from a different direction into its * * * path."

Counsel have described College street as a "main thoroughfare," which was the term used in the old traffic code. In the new Uniform Traffic Act, College street is properly described as a "through highway." Under Section 6307-7, General Code, the city of Piqua had a right to designate College street as a "through highway" and we assume that this was done since counsel conceded that College street was a "main thoroughfare" and tried the case on that theory.

The defendant was traveling northwardly on College street, and the plaintiff was traveling westwardly on Young street. The defendant, driving on a through highway, had the right to proceed uninterruptedly in a lawful manner across the intersection and it was the duty of the plaintiff to permit the defendant to proceed

across this intersection. In other words, it was the duty of the plaintiff to yield the right of way to the defendant and not to drive into the intersection so as to deprive the defendant of his right to proceed uninterruptedly in a lawful manner in the direction in which he was moving.

The drivers of these two automobiles were presumed to know the law and their rights and obligations under the law. The defendant, driving on the through highway, had a right to assume that the plaintiff, as he approached the through highway from an intersecting street, would obey the law by stopping and yielding the right of way to the defendant. *Morris* v. *Bloomgren,* 127 Ohio St., 147, 187 N. E., 2, 89 A. L. R., 831; *Warnock* v. *Youngstown Bag & Burlap Co.,* 14 Ohio Law Abs., 85.

As in all such cases, there is a conflict of testimony relative to which automobile reached the intersection first, the speed of the two automobiles, the exact place of collision, and the distance which defendant's automobile was shoved across the street by reason of the impact of the collision. Is there sufficient evidence in this case to justify the trial judge in dismissing the petition of plaintiff and rendering judgment for the defendant on his cross-petition?

In substance, the evidence shows that as the plaintiff approached the intersection he stopped his automobile near the stop sign which was some distance east of College street; that he observed the Leeper automobile coming south on the west side of College street and intending to make a left-hand turn in the intersection. He observed that the Leeper automobile stopped, and believing that it had stopped to give him the right to cross, he shifted his gears and started into the intersection, but before doing so he looked for cars approaching from the south, and seeing no cars ap-

proaching, he started into the intersection and as he crossed the switch track he shifted his gears into high, as he believed, according to his testimony, that the Leeper automobile was waiting for him to cross the intersection. There was a row of parked cars along the west side of College street and south of Young street, which obscured the view of a driver approaching the intersection from the east on Young street. The plaintiff testified that he did not observe the automobile of the defendant until immediately before the collision as it shot out from behind the parked automobiles into the intersection. Relative to this matter, the plaintiff testified as follows:

"Q. How far was he away from you when you first saw him? A. He came out so quick, I don't know, I was shifting gears and going across the intersection and Leeper was waiting.

"Q. Did you look down to the south? A. I looked both ways, there wasn't any cars coming and I was shifting gears and I couldn't do anything."

The defendant testified that some distance south from the intersection on College street on the east side of the street, a truck was parked which extended out into the street which caused him to reduce the speed of his automobile to go around the end of the truck as there were pedestrians using the street at that place; that as he approached the intersection he observed the plaintiff's automobile as it approached the intersection a few feet east of the switch tracks; that he crossed the intersection and after passing the center of the intersection on the right side of the street, the plaintiff's automobile struck the defendant's automobile on the right side immediately back of the right front bumper, causing damage; and that as a result of the impact, the defendant's automobile was knocked across the street and against the Leeper

automobile. The distance the defendant's automobile was knocked as the result of the impact, was variously estimated at from 10 to 30 feet. Nolle, a disinterested witness, who was sitting in a parked automobile about half a block up on College street, and who observed the collision, testified that the defendant's automobile and the Leeper automobile were only ten feet apart at the time of the collision, and that the defendant's automobile was more than halfway across the intersection at the time the collision occurred.

There was sufficient evidence to justify the judgment of the trial court in finding that the plaintiff was negligent in failing to yield the right of way to the defendant at the intersection. There was evidence from which the court could conclude that the plaintiff accelerated his speed to cross the intersection because Leeper was waiting to make a left turn. Nolle testified: "I knew something was going to happen because Mr. Peltier was going at a rate of speed that it was impossible for him to stop." There is sufficient evidence to support the conclusion of the trial court that the negligence of the plaintiff was the proximate cause of the collision.

The plaintiff contends that the defendant violated Section 6307-40, General Code, by failing to yield the right of way to the plaintiff, as he was on the defendant's right as they approached the intersection. This section does not apply where the collision occurs at the intersection of a through highway and an intersecting stop street.

However, it is contended that the defendant also was guilty of negligence in that he operated his automobile at an excessive rate of speed, and that by reason of such excessive speed the defendant lost his preferential right to proceed at the intersection. The right of the defendant to use the through highway uninterruptedly is an absolute right qualified only by his duty to use it in a lawful manner. *Morris* v. *Bloomgren,*

*supra*; *Seekatz* v. *Sparks,* 56 Ohio App., 397, 10 N. E. (2d), 1007; *Clickenger* v. *Patterson,* 22 Ohio Law Abs., 204 (Judge Bodey, Second Appellate District).

Did the defendant proceed in a lawful manner? The plaintiff testified that the defendant was traveling at an excessive rate of speed. In addition to the testimony of the witnesses, the trial court had the right to take into consideration the physical facts surrounding the collision. Because witnesses differ widely in their judgment as to the speed of automobiles involved in a collision, the physical facts surrounding the collision in many cases are more reliable. In this case the trial court resolved the question of speed in favor of the defendant. The trial judge acted in the province of a jury and was required to weigh all of the evidence in order to determine whether the defendant was proceeding unlawfully and whether he was guilty of any negligence which contributed to the proximate cause of the collision. On this issue, the trial judge found in favor of the defendant. In view of the evidence in this case and the facts and circumstances surrounding the collision, we cannot say that the trial court erred in holding that the defendant was not guilty of negligence which contributed to the proximate cause of the collision.

It is also contended that the trial judge rendered his decision on his own personal knowledge of the premises where the collision occurred. The trial judge, acting as a jury, had the same right to view the premises as is given to a jury.

This court does not find the judgment of the trial court to be manifestly against the weight of the evidence or contrary to law. The judgment will be affirmed.

*Judgment affirmed.*

Hornbeck, P. J., and Miller, J., concur.