LACY, PLAINTIFF-APPELLEE, v. UGANDA INVESTMENT CORP., DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26578. Decided January 2, 1964.

76 

*Mr. R. William Bashein,* for plaintiff-appellee.
*Messrs. Hermann & Rhoa,* for defendant-appellant.

ARTL, J. This is an appeal on questions of law from a judgment of the Municipal Court of Cleveland, Ohio, rendered upon a jury verdict in favor of the plaintiff.

On the night of January 23, 1960, between 8:00 and 9:00 P. M., plaintiff, on his retuurn to his home from the corner store and while proceeding in a southerly direction on the easterly sidewalk of East 79th Street, tripped and fell over the bottom-most step of three steps which led up from the public sidewalk to the walk-way leading to the house next door to plaintiff's home. The bottom-most step over which plaintiff tripped and fell was between seven and nine inches in height and protruded onto the public sidewalk area three to four inches. Plaintiff was injured as the result of the fall and brought suit against the defendant owner. The case was tried to a jury which returned a verdict in favor of the plaintiff and judgment was entered thereon, from which this appeal arises.

Upon the trial, a stipulation was entered into between the parties that the defendant was the owner and in control of the property where plaintiff claims to have tripped and fallen.

It appears that between January 23, 1960, the day of the alleged fall and the trial of this action, the steps in question were changed, so that the bottom step was removed to about seven inches from the edge of the public sidewalk.

Among the assignments of error, of which there are nine in number, are the following:

Assignment of Error No. 1.

"The trial court committed prejudicial error in overruling defendant's motion for a mistrial when initially made at the close of the plaintiff's counsel's opening argument and when renewed subsequently three times later throughout the trial."

Assignment of Error No. 2.

"The trial court committed prejudicial error in ordering a jury view of the premises after being apprised of the fact that the steps had been changed subsequent to the alleged accident claimed by the plaintiff."

The two assignments of error are closely related and shall be considered together.

Plaintiff's counsel during his opening statement said to the jury, "* * * and you will have a view of the premises to see the layout here." At another time, he referred to a bus stop, "which you will see when you have a view of the premises." Toward the close of his opening statement, he further stated, "I know that Mr. Rhoa will have something to say to you at this time following which I think you will have a view of the premises, and in the view of the premises it will be pointed out that the condition of the steps around the physical layout of the steps is different now than it was then, that it has been changed."

At this point, out of the hearing of the jury, defendant moved for a mistrial "because in the opening statement he (plaintiff's counsel) has deliberately told about the change in the steps." The motion was overruled. Following the defendant's opening staetment, plaintiff moved for a jury view of the premises. Defendant interposed a timely objection which was overruled.

In the course of his instruction to the jury relative to the jury view after reading the statute, the trial court stated:

"That is the statute. I want further to point out that a view of the premises is solely for the purpose of enabling the jury to understand and apply the evidence offered upon trial.

"So I may point out to you that if you observe any changed condition out there, you cannot infer from that that a defective condition existed at the time of the injury."

At page 34 and page 87 of the record, plaintiff's counsel sought to elicit from witnesses testimony about the changed condition of the steps. On application by defense for a mistrial, the court stated, "If one more mention of it is made there is going to be a mistrial declared." Subsequently, at page 163 of the record, once again the subject of changed conditions is brought up by plaintiff's counsel. The court again overruled a motion for mistrial. Again in the testimony, photographs showing the changed conditions were received in evidence. Motion for mistrial was again overruled.

The motion for a jury view of the premises having been made following the opening statements of both counsel and whether a jury view would be permitted resting within the sound discretion of the trial court, we cannot escape the conclusion that the conduct of plaintiff's counsel in advising the jury that they would have a view of the premises in his opening statement was presumptuous, to say the least. In the absence of a prior request and a favorable ruling thereon by the court, counsel had no right to suggest such a thing to the jury. The reason for that is obvious. If, when the request is made, the court should determine that a jury view is not warranted, why should the court be put to the task of explaining to the jury his ruling upon a question of no concern to the jury, or in the absence of an explanation have the jury speculate as to why they were denied such right. Until the court determines that a jury view would be of value, the question is of no concern to the jury. When it is allowed, the court's duty is defined by statute.

But much more serious, and in our view definitely prejudicial, was the conduct of plaintiff's counsel in his statement to the jury that "in the view of the premises it will be pointed out that the condition of the steps around the physical layout of the steps is different now than it was then, that it has been changed." In the face of the rule of law that "it is now well settled that alterations in or repairs to * * *, or the condition

of the premises, made after an accident, as a precaution against future accidents, are not admissible in evidence either as an admission of prior negligence and therefore of responsibility for the accident, as tending to prove the defendant's negligence, or to show knowledge that defects existed." See, 21 Ohio Jurisprudence (2d), 217, Evidence, Section 205.

The rule just stated relates to the admissibility of evidence. To use the opening statement as a means to get before the jury the fact that changes had been made since the accident and planting in the minds of the jury the thought that "changes would not have been made if there was no negligence" was improper conduct and prejudicial. The fact that the trial court eventually charged the jury that opening statements are not evidence and are not to be so regarded cannot, we believe, erase from the minds of the jurors the damage done.

As has been earlier indicated, the court granted plaintiff's motion for a jury view of the premises. It is generally recognized that except in those cases in which it is made mandatory by statute the question whether a jury view will be allowed rests within the sound discretion of the trial court. Such discretion, however, should be exercised in the light of the circumstances involved in the case on trial. The statute does not contemplate that a jury view will be allowed in every case that comes to trial. The action is time-consuming and involves considerable expense. As aptly stated by the trial court, its purpose is solely to enable the jury to understand and apply the evidence offered upon the trial. From the many cases consulted, it is clear that its purpose is not to gather evidence, that the case must be tried and determined upon the evidence offered during the trial in open court. Clearly, when an accident occurs at an intersection which by its nature and pecularity is difficult of description by ordinary individuals, or when an accident occurs involving the manufacture and operation of a very complicated mechanical device, it would seem reasonable and logical to have a jury view. But where, as in this case, we have a street and sidewalk with perhaps a few commercial buildings and residences with a slight incline from the sidewalk to the residences on the street, we have a situation which lends itself to easy description with no difficulty apparent that would require aid to an understanding of the evidence.

What makes a jury view futile in this case is the fact that the conditions existing at the time of trial were not the conditions that existed when the accident occurred. They had been changed and the court was so informed by counsel in his opening statement. The view of jury was allowed over the objection of defense counsel. It is our view, and we conclude, that the action of the court in permitting the jury view compounded the prejudicial references to changed conditions since the accident. The court's admonition to the jury "that you cannot infer from that that a defective condition existed at the time of the injury" did not cure the error.

We have the view that such an admonition could not have disabused the minds of the jurors of the thought that if there had been no defect in the step or sidewalk there would have been no occasion to make changes. See, *City of Miami Beach* v. *Wolfe*, 83 So. (2d), 774 (1955).

As has been earlier noted, plaintiff's counsel was persistent in his effort to get into the record evidence relating to the changes made after the accident. At one point, when this occurred, the court threatened that if this happened again, a motion for mistrial would be granted. It did happen on further occasions but the motion for mistrial was overruled.

It is our view, and we hold, that both of the assignments of error hereinabove discussed are well taken.

Assignment of Error No. 3 reads as follows:

"The Court committed error prejudicial to the defendant in the admission of evidence over the objection of defendant."

A witness for plaintiff was asked:

"Q. Did you ever see anyone fall or trip over that step?

"A. O yes, I have seen several.

"Mr. Rhoa: Objection, your honor.

"The Court: Overruled.

"Q. What is your answer, sir?

"A. Yes, I have never seen them fall, but I have seen them trip."

As a general rule, in negligence actions predicated on an accident, evidence relating to prior accidents is inadmissible. See, 21 Ohio Jurisprudence (2d), 223, Evidence, Section 210. It is noted by the record that the witness answered the question

before counsel registered his objection, which was overruled by the court. It is our view that the question was improper but since it was answered before the objection came and was not followed by a motion to strike the answer so given, defendant cannot now complain.

The second complaint under this assignment has to do with the receipt in evidence of bills of the hospital to the plaintiff, said bills being identified as plaintiff's Exhibits 1a, 1b, 2a, 2b, and dated June 3, 1963, the day before the trial. It is evidence to us from a close examination of the record that these bills were not incorporated as a part of the hospital records; that neither the assistant medical librarian nor the attache of the controller's office was qualified to testify as to the reasonable value of the charges embodied in the bills. In fact, the latter witness, upon cross-examination, admitted that he knew nothing about the records of the hospital with respect thereto except what he saw reading from the exihibits. In the absence of a proper foundation having been laid for this evidence, it is our conclusion that it was error to receive said exhibits in evidence.

The third claim of error under this heading is that the court erred in permitting the assistant medical librarian to read to the jury what she described as an "operative report" prepared by the surgeon for an operation which he performed over one year after the accident of which plaintiff complained. The surgeon in question was not brought in to testify.

Appellant claims that the reading of this report by the witness was a violation of the hearsay rule and that there was no opportunity to cross-examine the surgeon afforded to the defendant. Hospital records have been widely received in evidence under the exception to the hearsay rule applying to records of business establishments made in the regular course of business on the theory that they are inherently trustworthy. Jones on Evidence, Vol. 3, page 1066, Hospital Records, Section 548. In Ohio, such records are competent and admissible in evidence by virtue of Section 2317.40, Revised Code. When the proper preliminary foundation has been established, a hospital record of an act, condition or event is, insofar as relevant, competent evidence. *Perry* v. *Industrial Commission,* 160 Ohio St., 520, 117 N. E. (2d), 34; *Weis* v. *Weis,* 147 Ohio St., 416, 72 N. E. (2d), 245. We therefore hold that the admission of the hospital

record and allowing a part thereof to be read to the jury was not error.

We do wish to make it clear, however, that the admission of the hospital record does not dispense with the need of establishing a causal relation between the surgical operation reported and the accident of January 23, 1960. Ordinarily, that question depends upon medical evidence independent of the hospital records, which may be supplied in the trial of the case long after the hospital records are introduced and received in evidence.

Where, as in this case, no medical evidence was offered to establish a direct causal connection between the operation of April, 1961, and the accident of January 23, 1960, it was the duty of the trial court to withdraw this evidence from the consideration of the jury under proper instructions and a failure to do so constituted prejudicial error.

Before we proceed to consider the assignment of error dealing with special charges, it occurs to us that we should first dispose of Assignment of Error No. 6, which reads:

"The trial court erred prejudicially in failing to grant the defendant's motion to strike in its entirety each and every allegation complained of at the close of all of the evidence."

At the close of all of the evidence, the defendant moved the court to strike from the plaintiff's petition Specifications Nos. 2 and 3, which read:

"2. In that it failed to warn plaintiff of the dangerous and hazardous condition of said sidewalk.

"3. In that it carelessly and negligently permitted the step to extend into the area of the public sidewalk."

Defendant further moved the court to strike from plaintiff's petition the allegations:

"Plaintiff further says that the injury to his left ankle is permanent in nature and that he will suffer disability therefrom permanently."

"Plaintiff further says that the injury to his left ankle has resulted in a malfunctioning which causes him to walk with a limp."

"* * * and will continue to suffer pain in the indefinite future."

The motions by defense counsel were overruled.

With respect to the specification of negligence No. 2, failure to warn plaintiff, it appears from the record that the step protruding a few inches onto the sidewalk at its very edge was a static condition with which the plaintiff was familiar, having lived next door to it for over nine years and passed several times each day and at least two or three times on the date of his fall; we know of no rule of law that would require an abutting owner to warn the plaintiff of something which was known to him. We conclude and hold that this specification of negligence should have been stricken and that it was error for the court to refuse to do so.

As to the court's ruling with respect to Specification No. 3, we are of the opinion that under the facts and circumstances of this case, it was a question of fact for the jury to determine whether permitting the step to extend into the area of the public sidewalk constituted negligence. We therefore hold that the court was not in error in overruling the motion to strike said allegation.

As we proceed to a consideration of the remaining claims of error under this sixth assignment of error, we deem it advisable to consider these matters in conjunction with the seventh assignment of error, wherein it is claimed that:

"The court erred in its charge to the jury in instructing the jury that in considering damages it could award damages for permanent injury and future pain and suffering."

The problem therefore involves the propriety of the court's ruling denying defendant's motion to strike the allegations respecting permanent injuries and future pain and suffering and the propriety of the court's charging upon the same propositions, which appellant contends are not supported by the evidence.

The plaintiff's petition alleges that as the result of the fall he sustained a fracture to his left ankle which manifested itself in swelling, limitation of motion, displacement and arthritic changes; that various casts were applied to his left ankle; that he was X-rayed, treated at a hospital, for all of which he has incurred expenses; that the injury to his left ankle is permanent in nature and that he will suffer disability therefrom permanently; that the injury to his left ankle has resulted in a mal-

functioning which has caused him to walk with a limp; that he has suffered pain, still suffers pain and will continue to suffer pain in the indefinite future.

It is clear from the record that the plaintiff himself offered substantial evidence of the original injury in support of the allegations of the petition and that subsequently, about fifteen months after the first hospital treatment, he underwent an operation to the same ankle.

It has earlier been noted herein that plaintiff offered no medical evidence in his behalf except the hospital records. It is true that the hospital records on his entrance to said institution bear out plaintiff's contention that he sustained a fracture to his ankle and that a cast was put on his leg and that said cast was replaced on several occasions. They also indicate the surgical operation that was performed in April, 1961. While it would be permissible under the state of such records for the jury to infer a causal relation between the accident and the original injury, it would be improper to permit an inference by the jury that the subsequent operation performed about fifteen months later was caused by the same injury without competent medical evidence to establish the fact.

With respect to the permanency of the injury and future pain and suffering, both in the allegations of the petition and the charge of the court in that connection, the language contained in the case of *McCoy* v. *Gilbert*, 110 Ohio App., 453, 169 N. E. (2d), 624, at pages 459 and 460, is pertinent. At page 459 the court says: "The record apparently does not contain the usual expressions of medical opinion on this subject. While such evidence is often helpful, it is not always required. In case of amputation, for example, permanency would be obvious." And at page 460, the court says: "There was substantial evidence to support these allegations and to show continuing pain and disability up to the time of examination by medical wit-witnesses." "Serious as these injuries and their persistent effects appear, no one can determine from the evidence that they are permanent. In these circumstances, the absence of medical opinion on the point renders the jury's consideration of permanent pain and suffering conjectural and the instruction erroneous."

In the case of *Day* v. *Gulley*, 175 Ohio St., 83, 191 N. E. (2d), 732, the Supreme Court held:

"In a personal injury action, where the plaintiff's injuries are subjective in character and there is no expert medical evidence as to future pain, suffering, permanency of injuries or lasting impairment of health, it is prejudicial error for the trial court to charge the jury in its general instructions that, 'in determining the amount of damages, the jury should consider the nature and extent of the injuries, whether or not the injuries are in all probability permanent or temporary only; the pain and suffering plaintiff has endured and with reasonable certainty will endure in the future.' "

Plaintiff's counsel, based upon the statement made in the *McCoy case, supra*, to the effect that medical evidence though helpful is not always required and as in the example given by the court of an amputation, strenuousuly urges that in the instant case the fact that plaintiff walks with a limp would be obvious to the jury. As earlier noted, there is no medical evidence in this case to indicate that the second operation performed on the plaintiff some fifteen months after the initial injury was in any way referable to the original injury.

We therefore conclude and hold that it was prejudicial error for the court to refuse to strike from the petition the allegations complained of and to charge on the subject of permanency of injury and future pain and suffering.

Assignments of Error Nos. 4, 5, and 8 involve claimed error in submitting special charges of the plaintiff and refusing to submit special charges of the defendant and the court's general charge. These assignments will be considered together. Specifically, they read as follows:

Assignment of Error No. 4.

"The Trial Court erred in submitting to the jury the three special charges of the Plaintiff submitted before argument."

Assignment of Error No. 5.

"The Trial Court erred, as a matter of law, in refusing to give the defendant's special charges Nos. two through seven and special charge No. nine."

Assignment of Error No. 8.

"The Court committed other errors of omission and com-

mission in its general instructions to the jury. A reading of the Court's general charge to the jury will illustrate the fact that the court's instructions consisted of various general definitions of legal terms such as negligence, contributory negligence, proximate cause, etc., without ever separately defining the issues of fact and of law and of tying in the general rules of law to the particular facts of the case being submitted to the jury. In addition, the court committed errors throughout the charge in several places which would have led the jury to believe that the issue of contributory negligence was not one to be considered by them.''

The three special charges complained of in Assignment No. 4 given by the court read as follows:

Request No. 1.

''Ladies and gentlemen of the jury, you are instructed as a matter of law, that the plaintiff is only required to use that degree of care that an ordinary prudent person would use under the same and similar circumstances for his own safety.

''You are further instructed that in this connection you are to take into consideration the time of the day or night, the weather conditions prevailing, whether or not there was a snow cover on the ground and upon the area complained of and all other surrounding facts or circumstances bearing upon this question.''

Request No. 2.

''Ladies and gentlemen of the jury, you are hereby instructed that pedestrians on sidewalks are not required, as a matter of law, to keep their eyes continually sighted on the walk. They are required to exercise only such watchfulness and care for their safety as persons of ordinary carefulness and prudence would observe under the same or similar circumstances.''

Request No. 3.

''The Court charges you that it is the law of Ohio that you are not required to believe the testimony of any witness or party merely because he or she is under oath and in the witness chair. You may believe all that the witness or party has said; you may believe none of it; or you are at liberty to believe a. part. You are the sole judge of the credibility of the witnesses and parties and the weight to be given to their testimony.''

Defendant's requested charges which were refused by the court read as follows:

Request No. 2.

"The Court further charges you that if the plaintiff knew that a step was immediately adjacent to the sidewalk in such a position that it was possible for him, the plaintiff, to trip over it, and that if the plaintiff did then walk up to, without watching out for it, and trip over said step, then he was guilty of contributory negligence and you will find in favor of the defendant.

"The law places a duty on a person who knows of an instrumentality that might possibly cause him harm, to watch out for and avoid said instrumentality, and the fact that the plaintiff may have been temporarily oblivious as to the danger does not excuse his contributory negligence if he tripped over a defect which he knew of prior to the accident."

Request No. 3.

"I charge you, as a matter of law, that if you find from all the evidence that the plaintiff, John Lacy, walked into this step, into an obvious danger which he could not avoid seeing under the circumstances, he was negligent no matter what the condition of the step, or its relation to the sidewalk, and he cannot recover from the defendant, and your verdict should be for the defendant. John Lacy was required to be in the exercise of ordinary care for his own safety while walking on the streets of the City of Cleveland, and if you find that such care required him upon observing a step adjacent to the sidewalk in such a manner that it was possible for him to trip on it to avoid such step, and if you further find that he failed to avoid said step, then he would be negligent. If you find that his negligence directly caused or contributed to cause the injuries which he complained of, then John Lacy cannot recover, and your verdict must be for the defendant."

Request No. 4.

"I charge you, as a matter of law, that if you find from all of the evidence that the obstruction which the plaintiff allegedly tripped over was such an obstruction that in the exercise of due care he saw or could have seen, then he was contributorily negligent, as a matter of law, and your verdict must be for the defendant."

Request No. 5.

"The Court charges you that the plaintiff in this case has the duty to exercise ordinary care to keep a reasonable lookout ahead of him as he walked on the sidewalk adjacent to the defendant's property, and the law presumes that the plaintiff saw that, which in the exercise of ordinary care he should have seen and a failure on the part of the plaintiff to exercise ordinary care in keeping a lookout ahead of him as he walked on the property adjacent to the defendant's property, or a failure on the part of the plaintiff to see that which the law presumes he should have seen in the exercise of ordinary care, would be negligence on his part."

Request No. 6.

"You are instructed that if you find from the evidence that the accident which plaintiff complains of took place while the plaintiff was walking on the defendant's property, this would make the plaintiff what is known as a trespasser. Under such circumstances, I instruct you that the defendant is not required to make the premises safe for trespassers, and under such circumstances your verdict must be for the defendant."

Request No. 7.

"I charge you that if the evidence on behalf of the plaintiff raises an inference of contributory negligence, or if it does, and it is balanced by evidence of equal weight, and if you find that the defendant has established by a preponderance of the evidence that the plaintiff was negligent and that such negligence proximately contributed to the alleged injuries, then your verdict must be for the defendant."

Request No. 9.

"I charge you, as a matter of law, that a pedestrian is only entitled to a reasonably safe sidewalk and the mere fact that an obstruction in the sidewalk exists, does not constitute negligence. If you find from the evidence that there was no obstruction in the sidewalk itself, you must return a verdict for the defendant. If, however, you should find that there was an obstruction in the sidewalk, but said obstruction was not unreasonably dangerous and was not incompatible with the ordinary and common everyday use of the sidewalk and the adjoining premises, and that it was discernible to the plaintiff and

known to exist by the plaintiff, John Lacy, then in that case you must still return a verdict for the defendant."

Directing our attention to Assignment of Error No. 4 with respect to the three special charges given by the court, it is our view that the giving of these charges was proper. While it is true that charges Nos. 2 and 3 are for practical purposes abstract propositions of law and are objectionable for that reason alone, whatever error might be attached thereto, if any, certainly was in no wise prejudicial.

With respect to Assignment of Error No. 5, based upon the court's refusal to give defendant's special charges Nos. 2 through 7 and No. 9, we conclude that the court properly refused charges Nos. 2, 3, 4, 6, 7, and 9.

We find that charge No. 5 correctly states a sound proposition of law, applicable to the issues in this case and that defendant was entitled to have this charge given. Having refused to do so, the court committed prejudicial error.

With respect to the claimed errors in the trial court's general charge, it is apparent that the court did not separate and define for the jury the issues which such jury was to determine other than to submit to them the pleadings in the case. The record indicates that in that connection the court charged:

"What are the issues in this case? Because of the negligence of the defendant, he suffered this fall, injuries, loss of income and incurred expenses and he prays for judgment for seventy-five hundred dollars."

In our view, this instruction is tantamount to instructing the jury to assume that the defendant was negligent in the premises and is clearly prejudicially erroneous. It is of record in this case that the court did not define for the jury the legal duty owed by the defendant to the plaintiff although the court was requested by the defendant to do so. In the absence of such instruction, the logical query is presented: How can a jury determine that the defendant failed to discharge the duty it owed to the plaintiff if the jury is not told what the duty is? On what basis is the jury to determine whether defendant was negligent?

In the fourth paragraph of the syllabus in the case of *Stark County Agricultural Society* v. *Brenner,* 122 Ohio St., 560, 172 N. E., 659, the court held:

"In an action upon a liability for tort it is reversible error to fail to instruct the jury upon the legal duty owing by the defendant to the plaintiff."

One other phase of the general charge stressed by appellant has to do with inconsistent statements made to the jury. There is no question but that contributory negligence was an issue in the case. The court defined contributory negligence, the burden of proof with respect thereto, and added:

"In other words, it simply is the claim that the plaintiff failed to use ordinary care at or about the time of the accident which directly or proximately contributed to this accident and caused the injuries sustained, in which event the plaintiff could not recover although the defendant was guilty of some negligence."

Since this instruction starts out with the statement, "it simply is the claim * * *," and ends with, "in which event the plaintiff could not recover although the defendant was guilty of some negligence," there is nothing in this charge to indicate that this is a rule of law or that "such event" must be proven by the requisite degree of proof. While it is perfectly proper for the court to refer to this as being a claim made in the case, the rule of law with respect thereto must be stated in unequivocal language.

Before charging on contributory negligence in the manner indicated, the court stated to the jury:

"If you believe, from the evidence, that the defendant was negligent and that such negligence was the proximate cause of the injury, then, it is your duty to render a verdict against the defendant for the plaintiff."

After the foregoing charge on contributory negligence and as the last word before introducing the subject of damages, the court said:

"* * * If after careful and thoughtful consideration of all the evidence you find that the plaintiff is not entitled to recover, of course, that is the end of your deliberations, but, if you find that the plaintiff has proved by a preponderance of the evidence that the defendant was negligent, and that that negligence was the proximate cause of the accident and injuries, if you believe there were injuries, then you come to the question of damages

which in no event can exceed seventy-five hundred dollars. * * *''

Here again there is no reference whatsoever to the issue or to a finding respecting contributory negligence.

We conclude and hold that these charges as given constituted prejudicial error.

The ninth assignment of error is:

''The Trial Court erred, as a matter of law, in overruling defendant's motion for a directed verdict at the close of plaintiff's evidence, in overruling defendant's motion for a directed verdict at the close of all of the evidence and in overruling the defendant's motion for a new trial, or in the alternative for a judgment notwithstanding the verdict.''

In view of the instances of prejudicial error indicated herein that occurred in this trial, we conclude and hold that the court should have granted defendant's motion for a new trial and in refusing to do so, error prejudicial to the defendant was committed.

The claims that the court erred in overruling defendant's motion for a directed verdict at the close of plaintiff's evidence, at the close of all of the evidence, and in refusing to enter judgment for the defendant notwithstanding the verdict are all overruled.

Prejudicial error having intervened as herein noted, the judgment of the Municipal Court of Cleveland is reversed and the cause is remanded to that court for further proceedings according to law not inconsistent with this opinion.

Exceptions. Order see journal.

KOVACHY, P. J., and CORRIGAN, J., concur.