OPINION
This is an accelerated calendar appeal submitted to this court on the record and the briefs of the parties. Eric G. Eckard ("appellant") appeals the February 5, 2001 judgment entry of sentence by the Chardon Municipal Court.
Appellant was charged with criminal damaging, in violation of R.C.2909.06, a misdemeanor of the first degree; two counts of aggravated menacing, in violation of R.C. 2903.21, each misdemeanors of the first degree; and menacing, in violation of R.C. 2903.22, a misdemeanor of the fourth degree. The events leading to the charges against appellant occurred on June 12, 2000, at approximately 1:45 p.m. Appellant allegedly threatened Clifford R. Meston ("Meston") and William D. Roff ("W. Roff") with serious physical harm, placing them in fear for their lives. His actions consisted of smashing the window of a 1993 Ford Escort ("the Escort") driven by Meston, in which W. Roff was a passenger. Appellant was also alleged to have threatened Bradley N. Roff ("B. Roff") with physical harm, placing him in fear for his safety.
A bench trial commenced on November 30, 2000. On January 12, 2001, the trial court filed a judgment entry finding appellant guilty of criminal damaging and one count of aggravated menacing. The trial court stated that it heard the testimony and subsequently went to the scene where appellant resided and where the threats were allegedly made, Indian Hills Drive. The trial court made the following findings: Meston, while driving the Escort, ran into a garbage can at appellant's residence; there was conflicting evidence as to whether Meston stopped to see if he had damaged the garbage can; and appellant followed the Escort and caught up with Meston and W. Roff on Indian Hills Drive, at which time he smashed the windshield with his fist.
A sentencing hearing was held on February 5, 2001. For criminal damaging, appellant was fined $500 which was suspended, ninety days in jail, which was also suspended, and two years probation. For aggravated menacing, appellant was fined $1,000 of which $500 was suspended. Appellant was also sentenced to one-hundred eighty days in jail in which he could serve thirty days with work release from Monday through Saturday, and the remaining one-hundred fifty days under house arrest where he could leave his home to work, except on Sundays. Additionally, appellant was ordered to pay $493.76 in restitution for the damage to the Escort. A judgment entry of sentence was filed that same day, journalizing appellant's sentence.
On February 9, 2001, appellant filed a timely notice of appeal. That same day, the trial court granted appellant's motion to stay execution of his sentence pending his appeal. Appellant's assignments of error are as follows:
 "[1.] Defendant's due process rights were violated by the lack of appearance of an impartial judge in the proceedings.
 "[2.] The court abused its discretion in sentencing the defendant to the maximum sentence for aggravated menacing.
 "[3.] The court erred and prejudiced itself by conducting an independent investigation of the alleged crime scenes.
 "[4.] The verdict of the court was against the manifest weight of the evidence.
 "[5] The court improperly failed to convict the defendant of lesser included offenses."
We begin with an analysis of appellant's third assignment of error since it is dispositive of the appeal. In his third assignment of error, appellant argues that the trial court, acting as trier of fact, erred and prejudiced itself when it conducted an independent investigation of the alleged crime scenes.
R.C. 2315.02 provides:
 "If the court is of the opinion that it is proper for the jurors to have a view of property which is the subject of litigation, or of a place where a material fact occurred, it may order them to be conducted in a body under the charge of an officer to such property or place, which shall be shown to them by a person appointed by the court for that purpose. While the jurors are thus absent, no person, other than the person so appointed, shall speak to them on any subject connected with the trial."
When the trial judge serves as the finder of fact, he has the right to a view of property. Peltier v. Smith (1946), 78 Ohio App. 171, 177; see, also, R.C. 2315.23 (providing that R.C. 2315.02 is applicable to trial courts in bench trials).[1] A view of a premises is solely for the purpose of enabling the trier of fact to understand and apply the evidence offered at trial. Lacy v. Uganda Invest. Corp. (1964), 7 Ohio App.2d 237,241; Maggart v. Deaton (1948), 84 Ohio App. 327, 329. A jury view is not conducted to gather evidence; rather, the case must be tried and determined upon the evidence offered at trial. Lacy,7 Ohio App.2d at 241; Dorsey v. Ohio Edison (Mar. 17, 1989), 11th Dist. No. 4009, 1989 Ohio App. LEXIS 874, at 5.
Here, it appears that the trial court used the view in an evidential manner rather than solely for the purpose of better understanding the evidence submitted at the trial. At the sentencing hearing held on February 5, 2001, the trial court stated:
 "Glenn, I went out to the scene. I sat at Kenston. I watched different cars go by. There is no way that the facts could have transpired the way [appellant] testified. There is no way they could have driven partially down the driveway because the driveway isn't that wide."
We conclude from this statement that the trial court used the jury view as an opportunity to insert additional evidence in this case. It is well-established that "[t]he purpose of a view of the scene is not to gather evidence but to assist the trier of fact in understanding and applying the evidence presented at trial." Woloszczuk v. Estate of Gehm
(Feb. 14, 1996), 9th Dist. No. 17318, 1996 WL 62112, at 3. Because the trial court violated this prohibition, appellant's third assignment of error is well-taken.
Based on our resolution of appellant's third assignment of error, appellant's remaining assignments of error are rendered moot. The judgment of the Chardon Municipal Court is reversed, and the matter is remanded for a new trial.
JUDITH A. CHRISTLEY, J., concurs, DIANE V. GRENDELL, J., dissents.
[1] R.C. 2315.23 has been amended and renumbered R.C. 2315.08, effective July 6, 2001.