[Cite as *Bedford Hts. v. Jones*, 2011-Ohio-6075.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96236**

## CITY OF BEDFORD HEIGHTS

PLAINTIFF-APPELLEE

vs.

## MELVIN JONES

DEFENDANT-APPELLANT

**JUDGMENT:**
**CONVICTION VACATED**

Criminal Appeal from the
Bedford Municipal Court
Case No. 10 TRD 04496

**BEFORE:** Jones, J., Boyle, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:**    November 23, 2011

**FOR APPELLANT**

Melvin Jones, Pro se
10017 Westchester Avenue
Cleveland, Ohio 44108


**ATTORNEYS FOR APPELLEE**

Kenneth Schuman
Prosecutor
City of Bedford Heights
165 Center Road
Bedford, Ohio 44146

Ross S. Cirincione
Law Director
Castleton Building
5306 Transportation Boulevard
Garfield Heights, Ohio 44125

LARRY A. JONES, J.:

{¶ 1}    Defendant-appellant, Melvin Jones, appeals his conviction for running a red

light.    For the reasons that follow, we vacate his conviction.

{¶ 2}    In 2010, Jones was charged in Bedford Municipal Court with a violation of

Bedford Heights Codified Ordinances ("B.H.C.O.") 313.03, which prohibits running a

red light and B.H.C.O. 335.10, which prohibits having an expired license plate. The matter proceeded to a bench trial, at which Jones represented himself. On September 14, 2010, the trial court found Jones guilty of both violations and sentenced him to a $75 fine and court costs.[1]

{¶ 3} The following evidence was presented at trial.

{¶ 4} On July 8, 2010, an officer of the Bedford Heights police department[2] observed a 2004 Suzuki, driven by Jones, traveling on Perkins Road. Just before the intersection of Perkins and Aurora Roads, Jones turned left onto a short access road, or traffic island, cut across traffic, and headed westbound on Aurora Road. The officer testified that Jones "ran the red light" at the intersection of Perkins and Aurora. The officer initiated a traffic stop and noticed that the car's license plate was expired. The officer issued Jones two citations.

{¶ 5} For his testimony, Jones read from a statement he had prepared, describing his version of events. In the statement, Jones argued that he turned left before the red light; thus, he did not run the red light. The prosecutor questioned Jones, who maintained that there was no sign posted prohibiting a left-hand turn onto the access road. Jones also informed the court that he was not familiar with the area. Jones then offered a map of the area into evidence and indicated on the map where he had turned left onto

---

[1] Jones does not challenge his conviction for violating B.H.C.O. 335.10.

[2] The transcript taken from a recording of the trial states that the officer's name was "indistinguishable."

Aurora Road.

{¶ 6}   A conversation then ensued amongst the trial court, Jones, and the officer in which they discussed the intersection and the access road.   The officer explained that he cited Jones with a red light violation because once Jones turned left onto the short access road, he had to cut across traffic which, in essence, avoided the intersection.

{¶ 7}   The trial court continued the trial so that it could view the intersection. The trial court took a picture of the intersection and access road and placed said picture in the file. When the parties reconvened, the trial court stated:   "I took a photo.   There is no way you are allowed to make that left-hand turn," and found Jones guilty of the violations.

{¶ 8}   Jones filed a pro se appeal, raising the following assignments of error:

"I.   The trial court failed to apply the controlling law to the evidence.

"II.   The trial court denied appellant's basic constitutional right to due process requiring the essential elements of the alleged crime be proven beyond a reasonable doubt.

"III.   The trial court solicited and sanctioned testimony regarding issues for which appellant was not charged."

<u>Sufficiency of the Evidence</u>

{¶ 9}   In the first assignment of error, Jones essentially claims that there was insufficient evidence to support his conviction for running a red light.   We agree.

{¶ 10} Municipal courts are statutorily created and have limited subject-matter jurisdiction in civil and criminal cases.   See R.C.1901.01, 1901.18, 1901.20.   Cases

involving traffic tickets are governed by Ohio's Uniform Traffic Rules. Traf.R. 20 provides that the Rules of Criminal Procedure apply if no specific procedure is prescribed by the traffic rules. Under Crim.R. 29(A), a court "shall order the entry of a judgment of acquittal of one or more offenses * * * if the evidence is insufficient to sustain a conviction of such offense or offenses."

{¶ 11} A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. *State v. Thompkins*, 78 Ohio St.3d 380, 390, 1997-Ohio-52, 678 N.E.2d 541. On review for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

{¶ 12} Jones was charged with a violation of B.H.C.O. 313.03, which provides in pertinent part as follows:

{¶ 13} "(c) Steady Red Indication:

{¶ 14} "(1) Vehicular traffic facing a steady red signal alone shall stop at a clearly marked stop line, but if none, before entering the crosswalk on the near side of the intersection, or if none, then before entering the intersection and shall remain standing until an indication to proceed is shown * * *."

{¶ 15} B.H.C.O. 301.17(a) defines an intersection as "[t]he area embraced within the prolongation or connection of the lateral curb lines, or, if none, then the lateral boundary lines of the roadways of two highways which join one another at, or approximately at, right angles, or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict."

{¶ 16} Here, the officer testified that because Jones turned left onto an access road, or traffic island, thereby avoiding the intersection, he ran the red light at the intersection of Perkins and Aurora Roads. But the city provided no evidence that Jones failed to stop at a clearly marked stop line or entered the intersection, as defined by B.H.C.O. 313.03, prior to turning onto the access road.

{¶ 17} While Jones may have improperly turned left going the wrong way on a one-way access road and cut across Aurora Road, he was not charged with an improper left hand turn (see B.H.C.O. 331.10), with going the wrong way on a one-way street (see B.H.C.O. 331.30), or with driving on the left side of Aurora Road (see B.H.C.O. 331.01). Based on these facts, we find that there was insufficient evidence to support his conviction.[3]

---

[3] We do note, however, that Traf.R. 16 provides, in part, "[t]he Code of Judicial Conduct as adopted by the Supreme Court applies to all judges and mayors." Effective March 1, 2009, the Ohio Supreme Court adopted a new Ohio Code of Judicial Conduct. Jud. Con. Rule 2.9(C) provides that "[a] judge shall not investigate facts in a matter independently, and shall consider only the evidence presented and any facts that may properly be judicially noticed." See *Adkins v. Boetcher*, Ross App. No. 08CA3060, 2010-Ohio-554. When a trial judge serves as the finder of fact, he or she has the right to a view of property. See R.C. 2315.02 and 2315.08; *State v. Eckard*, Geauga App. No. 2001-G-2336, 2002-Ohio-3127, citing *Peltier v. Smith* (1946), 78 Ohio App. 171, 177, 66 N.E.2d 117. But a view of a premises is solely for the purpose of enabling the trier of fact to understand and

**{¶ 18}** Because we reverse and remand based on sufficiency of the evidence, the other assignments of error, which argue that the verdict was against the manifest weight of the evidence, are moot.   See App.R. 12(C)(1)(a).

**{¶ 19}** Accordingly, the conviction for violating B.H.C.O. 313.03 is vacated.

It is ordered that appellant recover of appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Bedford Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES,   JUDGE

MARY J. BOYLE, P.J., and
JAMES J. SWEENEY, J., CONCUR

---

apply the evidence offered at trial.   Id., citing *Lacy v. Uganda Invest. Corp.* (1964), 7 Ohio App.2d 237, 241, 195 N.E.2d 586.   A view of the premises is not conducted to gather evidence; rather, the case must be tried and determined upon the evidence offered at trial.   Id., citing *Lacy* at 241.