[Cite as *S. Euclid v. Korn*, 2014-Ohio-3039.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100747**

---

## CITY OF SOUTH EUCLID

PLAINTIFF-APPELLEE

vs.

## GRIFFIN KORN

DEFENDANT-APPELLANT

---

**JUDGMENT:**
REVERSED AND VACATED

---

Criminal Appeal from the
South Euclid Municipal Court
Case No. TRD-1202601

**BEFORE:** Celebrezze, P.J., E.A. Gallagher, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** July 10, 2014

**ATTORNEYS FOR APPELLANT**

Daniel M. Katz
David A. Katz Co., L.P.A.
50 Public Square
Suite 842
Cleveland, Ohio   44113

Jennifer Heinert O'Leary
Assistant Law Director
City of Cleveland Law Department
601 Lakeside Avenue
Room 106
Cleveland, Ohio   44114-1007


**ATTORNEY FOR APPELLEE**

Michael Shaughnessy
City Prosecutor
City of South Euclid
1349 South Green Road
South Euclid, Ohio   44121

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Defendant-appellant, Griffin Korn, appeals the judgment of the South Euclid Municipal Court finding him guilty of violating section 331.16 of the South Euclid Municipal Code.   After a careful review of the record and relevant case law, we reverse and vacate appellant's conviction.

## I.   Procedural and Factual History

{¶2} On July 9, 2012, appellant was traveling southbound on Azalea Drive toward the intersection of Monticello Boulevard in Cleveland, Ohio.   Once appellant reached the intersection, he stopped at the stop sign on Azalea and subsequently turned into the curb lane of Monticello.   He then merged into the middle lane and proceeded at the speed of approximately 20 m.p.h.   At that time, appellant heard a vehicle behind him screech, and observed it make a sharp turn to the right and come to a stop by knocking over a fire hydrant on the tree lawn. Concerned for the safety of the driver, Shane Reville, appellant pulled into a nearby driveway, checked on Reville, and called the police.

{¶3} Officer Mark Preztak of the South Euclid Police Department responded to the scene of the accident.   Officer Preztak testified that Reville told him that he was traveling at the speed of 35 m.p.h. westbound down Monticello when appellant's vehicle suddenly pulled out in front of him.   According to Officer Preztak, Reville stated that he swerved off the road because he believed he would have struck the back of appellant's vehicle. Officer Preztak further testified that appellant took full responsibility for causing the

accident during his on-scene interview. Based on the parties' statements, Officer Preztak cited appellant with violating South Euclid Municipal Code Section 331.16, Right-of-Way at Intersections.

{¶4} The matter was tried before the South Euclid Municipal Court on June 4, 2013. At the conclusion of trial, the court issued a judgment entry and opinion finding appellant guilty of the traffic violation. On October 24, 2013, the trial court ordered appellant to pay a fine of $200 plus court costs.

{¶5} Appellant now brings this timely appeal, raising two assignments of error for review:

> I. The trial court erred in finding defendant-appellant guilty of violating Section 331.16 of the South Euclid Municipal Code, Right-of-Way at Intersections, because the court acknowledged in its opinion that the City of South Euclid did not prove all the elements of the ordinance charged beyond a reasonable doubt.
>
> II. The trial court erred in denying defendant-appellant's Crim.R. 29 Motion for Acquittal when the City of South Euclid presented insufficient evidence to prove each element beyond a reasonable doubt of Section 331.16 of the South Euclid Municipal Code, Right-of-Way at Intersection.

## II. Law and Analysis

{¶6} In his first assignment of error, appellant argues that the trial court erred in finding him guilty of violating section 331.16 of the South Euclid Municipal Code because the city did not prove all the elements of the ordinance charged beyond a reasonable doubt. In his second assignment of error, appellant argues that the trial court erred in denying his Crim.R. 29 motion for acquittal when the city presented insufficient evidence to prove each element of the offense beyond a reasonable doubt. Because

appellant's first and second assignments of error raise similar arguments, we consider them together.

{¶7} When reviewing the sufficiency of the evidence to support a criminal conviction, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), at paragraph two of the syllabus.

{¶8} In the present case, appellant was convicted of violating section 331.16(a) of the South Euclid Municipal Code, which states:

> When two vehicles approach or enter an intersection from different streets
>
> or highways at approximately the same time, the driver of the vehicle on the
>
> left shall yield the right-of-way to the vehicle on the right.

In its opinion, the trial court acknowledged that the facts of this matter do not fit neatly within the parameters of section 331.16, Right-of-Way at Intersection. In fact, the court indicated that, under the circumstances of this case, appellant should have been cited for violating section 331.19(a), which states:

> * * * After having stopped, the driver shall yield the right-of-way to any
> vehicle in the intersection or approaching on another roadway so closely as
> to constitute an immediate hazard during the time the driver is moving
> across or within the intersection or junction of roadways.

{¶9} Nevertheless, the court found appellant guilty of violating section 331.16 despite its observation that appellant was likely cited under the incorrect ordinance. The court rationalized that appellant "created a hazardous situation by purposefully inserting

himself in traffic at a rate of speed of 20 m.p.h. where upcoming traffic was moving at speeds of approximately 35 m.p.h."

{¶10} After a careful review of the record, we find that the city presented insufficient evidence to prove each element of the offense beyond a reasonable doubt. Section 331.16 simply does not contemplate the factual scenario at issue in this case. The testimony presented at trial does not support the conclusion that appellant was the driver of a vehicle "on the left" who was required to "yield the right-of-way to the vehicle on the right." Instead, and as recognized by the trial court, appellant violated the mandates of section 331.19, which required him to yield the right-of-way to oncoming traffic as he sat at the stop sign on Azalea Drive. *See Peltier v. Smith*, 78 Ohio App. 171, 66 N.E.2d 117 (2d Dist.1946) ("This section, which provides that the vehicle approaching an intersection from the right has the right-of-way does not apply to a situation where the collision occurs at the intersection of a through highway and an intersecting stop street"). However, appellant was not cited for violating section 331.19, and he cannot be held accountable for the city's failure to cite him under the more appropriate section of the South Euclid Municipal Code.

### III. Conclusion

{¶11} While appellant likely violated a separate section of the South Euclid Municipal Code, the trial court's opinion finding appellant guilty of violating section 331.16 was not supported by sufficient evidence.

{¶12} Appellant's first and second assignments of error are sustained.

**{¶13}** The judgment of the municipal court is reversed and appellant's traffic citation is vacated.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the South Euclid Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR