The motion of appellee to dismiss the appeal will be overruled. The motions of appellants for an extension of time to file an assignment of errors and brief will be sustained. Appellants are hereby granted an extension of 15 days from the date the entry journalizing this opinion is filed within which to file an assignment of errors and brief. The appellee is given ten days thereafter within which to file an answer brief. The appellants are given five days after date of filing answer brief within which to file a reply brief, if they desire to do so.

*Judgment accordingly.*

WISEMAN, P. J., MILLER and HORNBECK, JJ., concur.

MAGGART, APPELLEE, *v.* DEATON, APPELLANT.

(No. 444—Decided November 11, 1948.)

*Messrs. Keifer & Keifer,* for appellee.

*Mr. W. A. Haines,* for appellant.

WISEMAN, P. J.   This is an appeal on questions of law from a judgment of the Common Pleas Court of Miami county.   Plaintiff sued for damages for personal injuries sustained in a collision between an automobile driven by the defendant and a motor truck driven by one John Fisher, in the cab of which plaintiff was riding as a guest.

The jury returned a general verdict for the plaintiff in the amount of $375.   A motion for new trial being overruled, judgment was entered on the verdict.

The defendant, appellant herein, assigns as error the refusal of the court to appoint some person to accompany the officer in charge of the jury and to show the jury the property and place to be viewed; the refusal to have pointed out to the jury in viewing the premises two large spike nails driven in the roadbed at the intersection of the two roads where the defendant claims the collision occurred; and the refusal of the court to allow the jury to view the defendant's automobile.

A view of the premises is controlled by Section 11420-2, General Code. This statute is not mandatory. The trial court is invested with a discretion to determine whether a view of the premises shall be allowed. 39 Ohio Jurisprudence, 601, 602, Section 31. The record shows the trial court granted defendant's application to have the jury view the premises and the trial court designated the sheriff as the officer to conduct the jury to the place of collision. The trial judge, as well as both counsel in the case, accompanied the officer and the jury. The discretion of the court was properly exercised and the record discloses a compliance with the requirements of Section 11420-2, General Code.

A view of the premises by the jury is solely for the purpose of enabling it to understand and apply the evidence offered upon trial, and it was not prejudicial error for the trial court to refuse to have pointed out to the jury, two large spike nails driven into the roadbed by the defendant sometime after the collision at the place where the defendant claims the collision occurred. To do so would have been to furnish evidence which is improper in viewing the premises. Evidence of the place of collision and damage to defendant's automobile was available and offered by the defendant.

The defendant also assigns as error the refusal of the court to sustain defendant's motion to direct a verdict for the defendant; and that the verdict and judgment are against the manifest weight of the evidence and contrary to law.

The plaintiff alleged four specifications of negligence against the defendant, first, excessive speed, second, failure to yield the right of way, third, failure to keep a proper lookout, and fourth, failure to have his automobile under control. The collision occurred

at the junction of two roads which intersected at right angles. Neither road was a preferential highway. There were no stop signs or caution signs erected on either road. The plaintiff approached the intersection on the defendant's right. Section 6307-40, General Code. There was evidence introduced from which the jury could conclude that the defendant was driving at a speed greater than was reasonable and proper, having due regard to the conditions then and there existing. The evidence presented in support of the issues raised was in conflict. After a careful consideration of all the evidence in this case, we are convinced that different minds could reasonably arrive at different conclusions. In our judgment the court properly submitted the case to the jury.

The evidence in this case does not present a situation which would require the court to charge on contributory negligence. Any negligence of the driver of the motor truck could not be imputed to the plaintiff; neither does the evidence show the driver was acting under instructions of the plaintiff.

In our opinion the verdict and the judgment are sustained by sufficient evidence and are not against the manifest weight of the evidence; neither are they contrary to law.

We are unable to find any error to the prejudice of the defendant. The judgment is affirmed.

*Judgment affirmed.*

MILLER and HORNBECK, JJ., concur.