OPINION
{¶ 1} Defendant-appellant, Leo Day, Jr., appeals the decision of the Struthers Municipal Court convicting him of six minor misdemeanor zoning violations stemming from citations issued by plaintiff-appellant, Poland Township (hereinafter referred to interchangeably as Poland Township or the Township).
 {¶ 2} Appellant owns property located at 4301 Dobbins Road, Poland Township, Mahoning County, Ohio. In 1947, with just one truck, appellant's grandfather, Ilie Day, started a truck hauling business on the property. Approximately two and a half years later in 1949, Poland Township passed a zoning ordinance. The ordinance classified the property as agricultural for zoning purposes. This classification prohibited usage of the property for the truck hauling business and related activities.
 {¶ 3} Thereafter, a dispute arose between Poland Township and Ilie Day's widow, Bertha Day and her son, Leo Day (appellant's father), regarding usage of the property. As a result, in 1978, Bertha Day and Leo Day filed a declaratory judgment action and sought a restraining order against Poland Township in Mahoning County Common Pleas Court (case No. 78-CV-1876). Bertha Day and Leo Day sought a determination of their right to continue the truck hauling business as a conforming use despite the passage of Poland Township's zoning ordinance. At that time, the business had grown to include the operation of five tractor-trailer trucks and two dump trucks.
 {¶ 4} After considering testimony and exhibits, the trial court found as follows:
 {¶ 5} "The evidence is clear to this Court * * * that although there have been at times trucks stored upon the property and on other occasions some loaded trucks were on the property, these were temporarily there and were connected to the hauling business. The general character of the business has not changed.
 {¶ 6} "It is, also, clear to this Court that although there has been an increase in the traffic on and off the Day property, that this has resulted from an increase in the volume of business rather than an increase in the character and nature of the business.
 {¶ 7} "The Court finds from the evidence that the Plaintiffs [Days] have a valid and existing nonconforming use of the property in question; that the character and nature of the business of the Days has not changed; that there has been no change in the property by way of expansion or by any other means which would destroy the existing right."
 {¶ 8} The trial court then proceeded to grant the Days a permanent injunction against Poland Township (hereinafter referred to as the 1978 injunction).
 {¶ 9} Years later, in 1991, cement trucks and cement making supplies began to appear on the property. Poland Township viewed this as an unlawful extension of the nonconforming use of the property (i.e., the truck hauling business). Poland Township's zoning inspector issued a minor misdemeanor citation to Leo Day for violating the zoning laws based on the alleged operation of a cement mixing business on the property. The case was filed in Struthers Municipal Court under case No. 91-CRB-402.
 {¶ 10} At trial, Leo Day advanced a factual argument that the continued character of the nonconforming use of the property was that of truck hauling. He argued that the only change was the nature of the material being hauled in his trucks and that the change was not substantial. He also made a legal argument that Poland Township's zoning laws did not contain language restricting the extension of preexisting nonconforming uses as required by R.C. 519.19.[1]
 {¶ 11} The trial court agreed with Leo Day's legal argument and found him not guilty. The court did note, however, that it was of the opinion "that the present use of the cement trucks on the premises of plaintiff could be prohibited by the Township of Poland if their zoning ordinance was crafted properly so as to prohibit such an extension of a nonconforming use." Poland Township later amended its zoning laws adding this language indicated by R.C. 519.19.
 {¶ 12} In November 2003, a neighbor complained that defendant-appellant, Leo Day, Jr., had constructed a driveway too close to the property line and that appellant's property, in general, looked like a junkyard. In response, Poland Township's zoning inspector, Robert Monus (Monus), inspected the property and issued three violation notices to appellant for violations of the Township's zoning laws on November 25, 2003. The violations were for having: (1) "abandoned, wrecked, dismantled or other miscellaneous materials" on the property in violation of Poland Township Zoning Resolution, Article Three, Section 300.4(O)(1); (2) "unlicensed, abandoned, wrecked vehicles" on the property in violation of Poland Township Zoning Resolution, Article Three, Section 300.4(O)(1); and (3) a driveway closer than three feet to any property line in violation of Poland Township Zoning Resolution, Article Three, Section 302.3(F). (Poland Township's Exhibits 6, 7, and 8.) After receiving no response, Monus sent appellant a second set of violation notices on December 10, 2003.
 {¶ 13} In response to the first and second set of violation notices, appellant's counsel responded to Monus claiming that the Township's zoning laws did not apply to appellant's property because the laws applied only to residential property and that the property had a preexisting nonconforming use, referring to the earlier litigation. (Poland Township Exhibit 14.) Counsel for Poland Township responded with a letter to appellant's counsel asserting that the zoning laws referred to in the violation notices applied to all zoning districts. (Poland Township Exhibit 15.)
 {¶ 14} On January 26, 2004, Monus sent a final set of the same violation notices to appellant. When appellant did not respond and the alleged violations were not corrected, the Township filed six minor misdemeanor charges against appellant in Struthers Municipal Court on March 2, 2004. The six citations appear to represent two occurrences of each of the three violations set forth in the violation notices for time periods varying between February 18, 2004 to February 20, 2004.
 {¶ 15} Appellant pleaded not guilty to the charges and filed a motion to dismiss. In the motion to dismiss, appellant claimed that the property was exempt from Poland Township's zoning laws as a preexisting nonconforming use. Appellant also argued that res judicata applied because of prior court rulings declaring the truck hauling business and cement batch plant a preexisting nonconforming use. Poland Township opposed the motion arguing that it was untimely filed, that appellant's use of the property was a new nonconforming use expressly prohibited under the zoning laws, and that res judicata did not apply due to changed circumstances.
 {¶ 16} The matter proceeded to a bench trial on October 26, 2005. Monus and appellant were the only persons to testify. On October 28, 2005, the trial court denied appellant's motion to dismiss. The trial court also found appellant guilty of the zoning violations and fined him $100.00 each plus costs. This appeal followed.
 {¶ 17} Appellant's first assignment of error states:
 {¶ 18} "The trial court erred in applying the provisions of the Poland Township Zoning Resolution to the Appellant's property, contrary to the permanent injunction issued by the Mahoning County Common Pleas Court."
 {¶ 19} Relying on the language of the 1978 injunction, appellant argues that the Township is prevented from terminating his nonconforming use. Since he operates a truck hauling business, appellant maintains that the existence of trucks on the property is not inconsistent with that nonconforming use. Appellant focuses on that language of the 1978 injunction which states that "there have been at times trucks stored on the property." (Appellant's brief at p. 10.)
 {¶ 20} Appellant also argues that even if circumstances surrounding his use of the property have changed, the proper recourse for Poland Township was to seek a modification or clarification of the 1978 injunction from the Mahoning County Common Pleas Court.
 {¶ 21} Both of appellant's arguments ignore the plain language of the 1978 injunction. As appellant points out, it is true that the 1978 injunction states that "there have been at times trucks stored on the property." However, appellant takes that phrase out of context. When read in context, the real meaning of that phrase becomes clear. The 1978 injunction states "that although there have been at times trucks stored upon the property and on other occasions some loaded trucks were on the property, these were temporarily there and were connected to the hauling business." (Emphasis added.) The plain language of the 1978 injunction is clear and there is no need for modification or clarification from the issuing court — trucks were only to be stored on the property on atemporary basis.
 {¶ 22} It is also clear from the language of the 1978 injunction which established appellant's preexisting nonconforming use concerning the truck hauling business that that use did not excuse appellant from complying with Poland Township Zoning Resolution, Article Three, Section 300.4(O)(1). That section states:
 {¶ 23} "None of the following, which have been abandoned, wrecked, or dismantled, shall be permitted to remain on the premises in any zoning district: automobiles, buses, motorcycles, trucks, tractors, boats, trailers, operating equipment, construction equipment, aircraft, furniture, or other miscellaneous material."
 {¶ 24} Evidence presented at trial established a violation of this section. Monus testified concerning several photographs. Poland Township Exhibits 5-A and 20 depict an older model, commercial style hauling truck. The truck has no bed and no rear axles and it appears that the rear of the truck is being held up by wooden planks. Poland Township Exhibit 2 depicts a dump truck with the entire engine and hood missing. Poland Township Exhibit 21 depicts another older model, commercial style hauling truck. It is missing a bed and the rear axle is missing tires. The photographs clearly depict trucks that have been "abandoned, wrecked, or dismantled." In addition, it is evident from Monus' testimony and the photographs that these trucks had been on the property for years and are inoperable, therefore, extending beyond the temporary nature of appellant's allowable preexisting nonconforming use.
 {¶ 25} Accordingly, appellant's first assignment of error is without merit.
 {¶ 26} Appellant's second assignment of error states:
 {¶ 27} "The trial court erred in finding Appellant guilty of a zoning violation absent a finding of public nuisance or a threat to public health and safety."
 {¶ 28} Appellant argues that the doctrine of nonconforming use should be applied to his land because of the 1978 injunction permitting the nonconforming use of the truck hauling business. Appellant contends that because storing abandoned vehicles and debris on his property is part of the nonconforming use permitted by the injunction, the zoning laws are only applicable if the use is a public nuisance or a threat to public safety.
 {¶ 29} Appellant cites City of Dublin v. Finkes (1992),83 Ohio App.3d 687, 615 N.E.2d 690 where the court held "certain municipal police power regulations or ordinances may be applied retroactively even to nonconforming uses. However, this exception applies to those regulations or ordinances which are based upon "'* * * a factual determination that the continued use of the property without improvement immediately and directly imperils the public health * * * [or] safety * * *.'" Id. at 691, 615 N.E.2d 690, quoting Gates Co. v. Columbus Hous. AppealsBd. (1967), 10 Ohio St.2d 48, 52, 39 O.O.2d 42, 225 N.E.2d 222. Appellant believes that because his nonconforming use is not a public nuisance or a threat to public safety or health, the zoning laws are inapplicable to him.
 {¶ 30} As Poland Township correctly observes, appellant's reliance onFinkes is misplaced. The Township's zoning laws were not being applied to appellant's preexisting nonconforming use of the property as a truck hauling business. As discussed under appellant's first assignment of error, the 1978 injunction did not contemplate appellant storing "abandoned, wrecked, or dismantled" trucks on the property. In other words, appellant's preexisting nonconforming use did not include the storing of "abandoned, wrecked, or dismantled" trucks. Therefore, Poland Township Zoning Resolution, Article Three, Section 300.4(O)(1), applies to appellant just as it would anyone else.
 {¶ 31} Accordingly, appellant's second assignment of error is without merit.
 {¶ 32} Appellant's third assignment of error states:
 {¶ 33} "The trial court erred in applying the general provisions of the Poland Township Zoning Resolution to restrict or eliminate the Appellant's valid nonconforming use."
 {¶ 34} Prior to 1998, a driveway existed on the east side of a house located on appellant's property which gave trucks access to the area behind the house. In 1998, appellant's neighbor resurveyed his land, and determined appellant was using his land for the driveway and for storage. Appellant decided to build a new driveway on the west side of his property, less than three feet from the property line. Poland Township's zoning laws require that a new driveway be no closer than three feet from the property line. Specifically, Poland Township Zoning Resolution, Article Three, Section 302.3(F) states:
 {¶ 35} "Driveways and parking areas shall be no closer than Three (3) feet to any property lines."
 {¶ 36} If a person wants to build a new driveway which is closer to the property line than three feet, they must be issued a variance to do so from Poland Township. Appellant built his new driveway closer than three feet to his property line, without ever filing for a variance.
 {¶ 37} Appellant argues that "Poland Township is attempting to use the general provisions of its zoning ordinance to restrict or eliminate [his] valid nonconforming use." (Appellant's Brief at p. 11.) More specifically, appellant argues that enforcement of the three-foot setback rule would have the effect of either closing his business or tearing down the house on the property to allow trucks to have access to the rear of the property.
 {¶ 38} Appellant cites City of Akron v. Klien (1960),171 Ohio St. 207, 213, 12 O.O.2d 331, 168 N.E.2d 564, in which the court refused to enforce a setback ordinance stating:
 {¶ 39} "The effect of the ordinance is not merely to require a dismantling of the existing fence but also to prevent use by defendant of a substantial portion of the land used in defendant's junk-yard business before enactment of the ordinance."
 {¶ 40} In Klien, a junkyard was operating as a nonconforming use. The new ordinance forbade the junkyard from using a portion of its land that it had been using prior to the enactment of the ordinance. Appellant argues that he has also been using the portion of his land on the east side for the nonconforming use of storing his inoperable vehicles and other debris. Appellant contends that because he was using the area of land for his nonconforming use prior to the enactment of the zoning laws, they are not applicable to his building of the driveway on the east side of the house.
 {¶ 41} Klein is distinguishable from this case. In Klein, the city was attempting to apply a subsequently enacted zoning regulation to a valid preexisting nonconforming use. Here, the zoning violations issued by Poland Township did not relate to appellant's preexisting nonconforming use of the property as a truck hauling business. Appellant's construction of the new driveway on the west side of the property, after the three-foot setback guidelines had been passed, was not part of appellant's preexisting nonconforming use of the property. Even, assuming arguendo, that this aforementioned use was considered a valid enlargement of appellant's preexisting nonconforming use, any such enlargement must still comply with the existing zoning laws. See Poland Township Zoning Resolution, Article Six, Section 600.1(F).
 {¶ 42} In sum, the trial court did not err in applying the Township's existing three-foot setback zoning law to the new driveway constructed on the west side of the property.
 {¶ 43} Accordingly, appellant's third assignment of error is without merit.
 {¶ 44} Appellant's fourth assignment of error states:
 {¶ 45} "The trial court erred in not finding the Appellant's construction of a new driveway was an extension of the existing nonconforming use of Appellant's property allowed under Article 6 of the Poland Township Zoning Resolution."
 {¶ 46} Appellant argues that because he was using the east side of the house for a nonconforming use, he did not need to obtain a variance to build the driveway less than three feet from the property line.
 {¶ 47} Appellant knew about Poland Township's process for appealing ordinance violations but did not appeal for a variance because he thought, as a nonconforming use, he could do anything related to his business on the property. (Tr. pp. 67, 72-73.)
 {¶ 48} Article Six of the Poland Township Zoning Resolution deals with nonconforming uses. Specifically, Article Six, Section 600.1(F) states:
 {¶ 49} "The area of a nonconforming use of land within a lot owned as of the date of this amendment to the Resolution may be enlarged within that lot provided that any such enlargement otherwise complies with current Resolutions of the District in which it is located and that the total aggregate area of all such enlargements does not exceed Twenty (20) percent of the area actually used for the nonconforming use on the effective date of this amendment to the Resolution. The use shall not be changed except to a conforming use."
 {¶ 50} As indicated under appellant's third assignment of error, appellant's construction of the new driveway on the west side of the property, after the three-foot setback guidelines had been passed, was not part of appellant's preexisting nonconforming use of the property. Even, assuming arguendo, that the driveway was considered a valid enlargement of appellant's preexisting nonconforming use, any such enlargement must still comply with the existing zoning laws, including the three-foot setback. See Poland Township Zoning Resolution, Article Six, Section 600.1(F). To comply with the existing zoning resolutions, appellant would have had to obtain a variance before constructing the driveway closer than three feet to the property line, which he did not.
 {¶ 51} Accordingly, appellant's fourth assignment of error is without merit.
 {¶ 52} The judgment of the trial court is hereby affirmed.
Vukovich, J., concurs.
DeGenaro, J., concurs.
[1] R.C. 519.19 provides:
"The lawful use of any dwelling, building, or structure and of any land or premises, as existing and lawful at the time of enactment of a zoning resolution or amendment thereto, may be continued, although such use does not conform with such resolution or amendment, but if any such nonconforming use is voluntarily discontinued for two years or more, any future use of said land shall be in conformity with sections 519.02 to519.25, inclusive, of the Revised Code. The board of township trustees shall provide in any zoning resolution for the completion, restoration, reconstruction, extension, or substitution of nonconforming uses upon such reasonable terms as are set forth in the zoning resolution."