[Cite as *Monus v. Day*, 2011-Ohio-3170.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ROBERT MONUS, POLAND TOWNSHIP ZONING INSPECTOR, | ) ) ) | CASE NO. 10 MA 35 |
| PLAINTIFF-APPELLEE, | ) ) | |
| - VS - | ) ) | OPINION |
| LEO C. DAY, Jr., et al. | ) ) | |
| DEFENDANTS-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:        Civil Appeal from Common Pleas
                                 Court, Case No. 07 CV 1985.

JUDGMENT:                        Affirmed

APPEARANCES:
For Plaintiff-Appellee:          Attorney David Shepherd
                                 Turner, May & Shepherd
                                 185 High Street, NE
                                 Warren, OH  44481

                                 Attorney Paul Gains
                                 Prosecutor
                                 Attorney Karen Gaglione
                                 Assistant Prosecutor
                                 21 W. Boardman Street, 6th Floor
                                 Youngstown, OH  44503

For Defendants-Appellant:        Leo C. Day, Pro-se
                                 4301 Dobbins Road
                                 Poland, OH  44514

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

                                 Dated:  June 13, 2011

DeGenaro, P.J.

{¶1} Pro-se Defendant-Appellant, Leo C. Day, Jr., appeals the January 22, 2010 judgment of the Mahoning County Court of Common Pleas overruling objections to a magistrate's decision and permanently enjoining Day, pursuant to R.C. 519.24, from using his property in violation of a Poland Township Zoning Resolution that prohibits the storage of abandoned, wrecked and dismantled vehicles and other equipment. On appeal, Day raises eleven assignments of error which include: the failure to join an indispensable party; violation of his Fourth and Fifth Amendment rights; improper admission of evidence at trial; failure to proceed with a case that had been consolidated with the instant case; finding a violation of the zoning ordinance without a finding of public nuisance or threat to public health and safety; failure to find that res judicata applied to this case; applying the zoning ordinance to the property despite earlier litigation establishing the right to continue a preexisting non-conforming use; and finally that the trial court erred in failing to find that judgments in other cases were void for lack of subject matter jurisdiction.

{¶2} Upon review, all of Day's assignments of error are meritless. Day waived the defense of failure to join necessary parties, and even if it was not waived, the president of Day's business was not a necessary party to this suit. R.C. 2315.02 permits a jury view, or in the case of a bench trial, a court view, of the premises and there is no indication that this violated Day's Fourth Amendment rights. The trial court did not commit plain error by admitting the photographs as exhibits as they were relevant and properly authenticated. The trial court did not abuse its discretion in its management of the consolidated cases. Day's Fifth Amendment rights were not violated by the trial court's order for him to produce documents since they were non-testimonial in nature. The 1978 Injunction, which established Day's nonconforming use, did not exempt the property from all zoning regulation. The Zoning Inspector was not required to find a public nuisance or a threat to public health and safety as a prerequisite to finding a zoning violation on the property. Finally, there is no indication that the trial court lacked subject matter jurisdiction and Day cannot attack the validity

of decisions in completely separate cases via motions made or filed in this case. Accordingly, the judgment of the trial court is affirmed.

**Facts and Procedural History**

{¶3} Day owns real property located at 4301 Dobbins Road in Poland Township. There is a long history of zoning-related litigation regarding this property. In 1947, Day's grandfather, Ilie Day, started a truck hauling business on the property. In 1949, Poland Township passed a zoning ordinance classifying the property as agricultural for zoning purposes. This classification prohibited usage of the property for the truck hauling business and related activities.

{¶4} Thereafter, a dispute arose between Poland Township and Ilie Day's widow, Bertha Day and her son, Leo Day, Sr., (Day's father), regarding usage of the property. In 1978, Bertha Day and Leo Day, Sr. filed a declaratory judgment action in the Mahoning County Court of Common Pleas, seeking a restraining order against Poland Township (Case No. 78-CV-1876). The Days sought a determination of their right to continue the truck hauling business as a conforming use despite the passage of Poland Township's zoning ordinance. At that time, the business had grown to include the operation of five tractor-trailer trucks and two dump trucks.

{¶5} The trial court granted the Days a permanent injunction for a truck hauling business. In its order, the court stated, in pertinent part:

{¶6} "The evidence is clear to this Court * * * that although there have been at times trucks stored upon the property and on other occasions some loaded trucks were on the property, these were temporarily there and were connected to the hauling business. The general character of the business has not changed.

{¶7} "It is, also, clear to this Court that although there has been an increase in the traffic on and off the Day property, that this has resulted from an increase in the volume of business rather than an increase in the character and nature of the business.

{¶8} "The Court finds from the evidence that the Plaintiffs [Days] have a valid and existing nonconforming use of the property in question; that the character and

nature of the business of the Days has not changed; that there has been no change in the property by way of expansion or by any other means which would destroy the existing right." (1978 Injunction, Case No. 78-CV-1876.)

{¶9} The trial court's decision to grant the permanent injunction was affirmed by this court on appeal. *Day v. Poland Twp. Trustees* (Sept. 15, 1983), 7th Dist. No. 82 C.A. 76.

{¶10} In 1991, cement trucks and cement making supplies began to appear on the property, which Poland Township viewed as an unlawful extension of the nonconforming use of the property. Poland Township's zoning inspector issued a minor misdemeanor citation to Leo Day, Sr., in Struthers Municipal Court, for violating the zoning laws based on the alleged operation of a cement mixing business on the property. Ultimately, the trial court found Day Sr. not guilty based upon his legal argument that Poland Township's zoning laws at that time did not contain language restricting the extension of pre-existing nonconforming uses as required by R.C. 519.19. However, the court opined "that the present use of the cement trucks on the premises of plaintiff could be prohibited by the Township of Poland if their zoning ordinance was crafted properly so as to prohibit such an extension of a nonconforming use." Poland Township later amended its zoning laws, adding this language indicated by R.C. 519.19.

{¶11} Then, in March 2004, Poland Township filed criminal charges against Day in Struthers Municipal Court for violating a Poland Township Zoning Resolution, then Article 300.4(O)(1), now known as Article 7, Section 7.21, which prohibits the storage of abandoned, wrecked and dismantled vehicles and other equipment on the property. Day was also charged with violating an ordinance regarding a driveway set-back requirement. Day moved to dismiss those charges, arguing that the property was exempt from Poland Township's zoning laws as a pre-existing nonconforming use. Appellant also argued that res judicata applied because of prior court rulings declaring the truck hauling business and cement batch plant a pre-existing nonconforming use. Following a bench trial, the trial court denied Day's motion to

dismiss, found Day guilty of the zoning violations and fined him accordingly. This judgment was affirmed by this court on appeal. *Poland Twp. v. Day*, 7th Dist. No. 05-MA-220, 2006-Ohio-7070.

{¶12} According to Robert Monus the Poland Township Zoning Inspector, Day failed to bring his property into compliance with the Zoning Resolution, inasmuch as he continued to store abandoned, wrecked, and dismantled trucks, vehicles and other debris and equipment on the property. In 2007, Day was notified in writing of his continued violations of the Zoning Resolution, specifically Article 7, Section 7.21 which states:

{¶13} "None of the following, which have been abandoned, wrecked, or dismantled, shall be permitted to remain on the premises in any zoning district: automobiles, buses, motorcycles, trucks, tractors, boat, trailer, operating equipment, aircraft, furniture or other miscellaneous material."

{¶14} Day failed to come into compliance with the Zoning Resolution, failed to appeal the Zoning Inspector's determination, and was cited criminally in Struthers Municipal Court for violating the Resolution.

{¶15} On June 4, 2007, the Zoning Inspector commenced the instant suit in the Mahoning County Court of Common Pleas for a preliminary and permanent injunction against Day and his mother Bertha,[1] pursuant to R.C. 519.24. The Zoning Inspector sought to enjoin Day from using his property in violation of the Zoning Resolution, which would include: "the removal of tires, batteries, construction debris and equipment, and other miscellaneous debris on the Property; that the vehicles and trailers on the Property without current registrations either be updated, removed or properly stored; and for such other relief the Plaintiff may be entitled to by law." Upon joint motion of the parties, the trial court ordered that the preliminary and permanent injunction hearings be heard at the same time.

{¶16} On September 5, 2007, Day filed, through counsel, an answer and counterclaim for declaratory judgment and injunctive relief. Therein, Day challenged

---

[1] Bertha died during the pendency of the proceedings.

the constitutionality of the Poland Township Zoning Resolution, and of the Township's actions with regard to his property. He sought a declaration that the items on his property are incidental to his pre-existing non-conforming use. He also sought a permanent injunction preventing the Township from enforcing the Zoning Resolution with respect to his property. However, Day failed to join Poland Township as a party.

{¶17} On November 21, 2007, Day filed a separate pro-se action in the Mahoning County Court of Common Pleas: Leo C. Day, Jr. v. Poland Township, Ohio, Case No. 07 CV 4404. Therein, Day sought, inter alia, (1) a declaration that Poland Township violated the 1978 Injunction by commencing the criminal proceedings in the Struthers Municipal Court; (2) an order that Poland Township dismiss the criminal proceedings; and (3) an order that Poland Township take no further actions pursuant to the Zoning Resolution to disrupt his use of the property.

{¶18} Day's counsel in the Zoning Inspector's case filed a motion to withdraw from representation on November 30, 2007, which was granted by the trial court on December 5, 2007, and from then on Day proceeded pro-se.

{¶19} Upon motion of the Zoning Inspector, Day's pro-se civil action was consolidated into the present case as the Magistrate's Order concluded "there is sufficient commonality of issues and that judicial economy will be served by consolidation of the cases." Day did not file a motion to set aside this Order.

{¶20} Day filed a motion to dismiss the Zoning Inspector's case, asserting that the trial court lacked subject matter jurisdiction to proceed, which the magistrate denied. Day failed to file a motion to set aside this order. Instead, Day filed a petition for writ of prohibition to prevent the trial court from taking further action in the consolidated cases, because of a lack of subject matter jurisdiction, which the Ohio Supreme Court denied. (Ohio Supreme Court Case No. 2008-1550.)

{¶21} Once reinstituted in the trial court, there was a discovery dispute in the consolidated cases. In response to a request for production of documents and a subsequent motion to compel and supplemental motion to show cause by Poland Township, Day filed a motion for protective order, which was opposed by the

Township. The trial court denied Day's motion for protective order and ordered an in camera review.

{¶22} With regard to the Zoning Inspector's case, a trial was held before the magistrate. Prior to trial, upon motion of the Zoning Inspector, which was opposed by Day, the magistrate viewed the premises. At the start of the hearing, Day moved to dismiss the Zoning Inspector's complaint, which was denied. The Zoning Inspector moved to dismiss Day's counterclaims because Poland Township had not been named as a party. This motion was granted from the bench.

{¶23} The Zoning Inspector testified extensively about the condition of the property and numerous photographs were admitted. In sum, the Zoning Inspector testified: "[The] [c]ondition today [of the property] is that there's still dismantled vehicles, vehicles with no engines in place, there's no license on vehicles. The semi truck trailers are now used as accessory storage trucks for some of the items that are left out in the open. Some construction material and vehicle parts [are] spewed about the property."

{¶24} Day then testified. He admitted that at that time there were approximately 15 or 16 vehicles located on the property, along with cement drums and metal barrels. He admitted there are two storage trailers on the property which had been there for a long time. He admitted there were three tractors on the property. He admitted there were two unlicensed and inoperable Mack trucks; and one unregistered and inoperable Ford, all of which had been on the property for over ten years. He conceded that there were one "lowboy" and one "tag-along," on the property, neither of which had current plates. He testified that there was a rubber tire loader, a Caterpillar loader, a Case excavator and a Donelli rubber tire excavator on the property, that the Case excavator was never operational and that the Donelli had not been used since the previous year. Day admitted there was a 1989 GMC van on the property without current plates, which had not been off the property since 2004. He admitted there was a 1976 Oldsmobile Cutlass on the property which was unlicensed and had not been run for about 20 years. Finally, he admitted there were some metal

barrels with chemicals or concrete on the property that had not been used since 2006.

{¶25} In sum, Day did not dispute the factual assertions made by the Zoning Inspector. Rather, Day put forth the legal argument that the 1978 Injunction prohibits the Zoning Inspector from enforcing the Zoning Resolution. He further claimed that the "items to which the Poland Township zoning inspector is attempting to enforce are items incident to a pre-vested valid nonconforming use."

{¶26} After considering the evidence, the magistrate ruled in favor of the Zoning Inspector in his case, and did not address Day's pro-se complaint. Day filed timely objections, which were opposed by the Zoning Inspector.

{¶27} The trial court issued a judgment entry overruling Day's objections and issuing a permanent injunction in favor of the Zoning Inspector. The trial court found that based on Day's uncontroverted testimony, he continued to store abandoned, wrecked and dismantled automobiles, etc., in violation of Poland Township Zoning Resolution Article 7, Section 7.21. The court further found that "[Day's] nonconforming use concerning the truck business does not include the storing of abandoned vehicles [etc.] nor does it excuse [Day] from complying with Poland Township Zoning Resolution Article 7, Section 7.21." Finally, the court found by clear and convincing evidence that Day was in violation of the Zoning Resolution and that the Zoning Inspector was therefore entitled to an injunction.

{¶28} The trial court issued a permanent injunction enjoining Day from using his property in violation of the Poland Township Zoning Resolution Article 7, Section 7.21, including ordering: "the removal of abandoned, wrecked, and dismantled automobiles, trucks, tractors, trailers, operating equipment, and other miscellaneous material, construction debris and equipment on the Property and that the vehicles and trailers on the Property without current registrations either be updated, removed or properly stored." The court gave Day 30 days to clean up his property and bring it into compliance with the Zoning Resolution. In addition, the trial court dismissed Day's counterclaim for failure to name Poland Township as a party pursuant to R.C. 2721.12.

{¶29} The trial court did not address Day's separate pro-se complaint for an injunction which had been consolidated with the Zoning Inspector's case, and included the Civ.R. 54(B) "no just cause for delay" language.

{¶30} Day first filed a Civ.R. 60(B) motion for relief from judgment and then a timely notice of appeal. On a limited remand from this Court, the trial court overruled Day's Civ.R. 60(B) motion. Day filed a notice of appeal from that judgment, which is pending separately before this court as Case No. 10MA70. Day filed an affidavit of disqualification against the members of both panels with the Ohio Supreme Court, which was denied on February 11, 2011.

### Pro-se Litigants

{¶31} Day contends that since he is a pro-se litigant, he should not be held to the same standards as a practicing attorney would. Although not assigned as an error, this overarching matter will be discussed first.

{¶32} A party proceeding pro-se is held to the same procedural standards as other litigants that have retained counsel. *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, at ¶10. While a court may grant a certain amount of latitude toward pro-se litigants, the court cannot simply disregard the Rules of Civil Procedure in order to accommodate a party who fails to obtain counsel. *Pinnacle Credit Servs., LLC v. Kuzniak*, 7th Dist. No. 08 MA 111, 2009-Ohio-1021, at ¶30. See, also, *Vos v. Village of Washingtonville*, 7th Dist. No. 03-CO-20, 2004-Ohio-1388:

{¶33} "This court has, of course, made some allowances for pro se litigants, such as in the construction of pleadings and in the formal requirements of briefs. There is, however, a limit. 'Principles requiring generous construction of pro se filings do not require courts to conjure up questions never squarely asked or construct full-blown claims from convoluted reasoning.' * * *Furthermore, this court will not become appellant counsel for pro se litigants." Id. at ¶7 (internal citations omitted.)

{¶34} "The rationale for this policy is that if the court treats pro se litigants differently, 'the court begins to depart from its duty of impartiality and prejudices the

handling of the case as it relates to other litigants represented by counsel.'" *Pinnacle* at ¶30, quoting *Karnofel v. Kmart Corp.*, 11th Dist. No.2007-T-0036, 2007-T-0064, 2007-Ohio-6939, at ¶27.

**{¶35}** Day cites to *Haines v. Kerner* (1972), 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652, in support of his position that as a pro-se litigant he is not held to the same procedural standards as an attorney. *Haines* is inapplicable to this case. There the Supreme Court concluded that allegations in a pro-se complaint, made by a prison inmate, would be held to "less stringent standards than formal pleadings drafted by lawyers," and that in construing the complaint in such a manner, the trial court's 12(B)(6) dismissal was inappropriate. Id. at 520. Here, Day argues that he should be held to less stringent standards throughout the proceedings, and that doctrines such as waiver should not apply to him. As a matter of law, Day is presumed to know the procedures under the Civil Rules and to know that failure to properly raise issues in the trial court pursuant to the Rules can constitute a waiver thereof. See, e.g., *Sky Bank v. Hill,* 7th Dist. No. 03 MA 114, 2004-Ohio-3046, at ¶9.

### Failure to Join Necessary Parties

**{¶36}** In his first of eleven assignments of error, some of which will be discussed jointly or out of order for ease of analysis, Day asserts:

**{¶37}** "[T]he Trial Court erred in granting a preliminary injunction contrary to procedural, statute and constitutional law."

**{¶38}** Day contends that the trial court erred in granting the permanent injunction because the Zoning Inspector failed to name the president of Day's business as a party. Day claims that because the items on Day's property which are causing the alleged zoning violation are owned by the business, the president was a necessary party to this suit. This argument is meritless for several reasons.

**{¶39}** First, Day has waived this defense. Civ.R. 19.1(A) and 19(A) concern compulsory and permissive joinder, respectively, and both expressly provide that the failure to timely assert the defense pursuant to Civ.R. 12(G) or 12(H) constitutes a waiver thereof. Under Civ.R. 12(H)(2), a defense of failure to join an indispensable

party under Civ.R. 19 may be made in "any pleading permitted or ordered by Civ.R. 7(A), by motion for judgment on the pleadings, or at trial on the merits." Civ.R. 12(H)(2). Importantly, "a party waives this defense when it fails to take affirmative action to prosecute it." *Nationwide Mut. Fire Ins. Co. v. Logan*, 12th Dist. No. CA2005-07-206, 2006-Ohio-2512, at ¶33. Thus, "merely raising the defense in an answer without further affirmative action to prosecute the raised defense results in a waiver of [the] defense." Id. at ¶24, quoting and adopting *Mihalic v. Figuero* (May 26, 1988), 8th Dist. No. 53921.

**{¶40}** Although Day did raise the "failure to name indispensable parties" as a defense in his answer, he failed to further affirmatively pursue this defense. He did not raise this issue in any pretrial motion, at trial before the magistrate, or in his objections to the magistrate's decision. Accordingly, Day has waived this defense.

**{¶41}** Even if the defense was not waived, the president of the business would not be a necessary party to this suit. Contrary to Day's assertions, Civ.R. 65 is inapplicable to this case. R.C. 519.24 authorizes the injunctive remedy in this case. See *Baker v. Blevins*, 162 Ohio App.3d 258, 2005-Ohio-3664, 833 N.E.2d 327, at ¶12. "Because R.C. 519.24 grants the injunctive remedy, the township is "not required to plead or prove an irreparable injury or that there is no adequate remedy at law, as is required by Civ.R. 65." Id., citing *Union Twp. Bd. of Trustees v. Old 74 Corp.* (2000), 137 Ohio App.3d 289, 294, 738 N.E.2d 477. Further, only the person with the present possessory interest in a parcel of real property is limited by zoning regulations; thus only the present possessor can be harmed by restrictions placed on the property as a result of the zoning regulations. *Zeltig Land Dev. Corp. v. Bainbridge Twp. Bd. of Trustees* (1991), 75 Ohio App.3d 302, 306, 599 N.E.2d 383. The present possessor must be sued or joined as a party to enjoin it from actions on the property that are allegedly in violation of the relevant zoning regulations. *River Bend Farm Development Company v. Cellular One* (Mar. 8, 1996) 11th Dist. No. 95-P-0076, at *2. Thus, only the present possessor is a necessary party defendant in a suit brought to enjoin zoning violations on the property. Accordingly, Day's first assignment of error is

meritless.

### Viewing the Property

{¶42} In his second assignment of error, Day asserts:

{¶43} "[T]he Trial Court erred in allowing opposing party access to Appellant's property despite an assertion of a Fourth Amendment Right."

{¶44} Day argues for the first time in his reply brief that this was procedurally improper, because he was not afforded the opportunity to file objections to the magistrate's decision to view the property. Because Day did not raise this issue in his assignment of errors we must disregard it. "A reply brief is not to be used by an appellant to raise new assignments of error or issues for consideration; it is merely an opportunity to reply to the appellee's brief." *Scibelli v. Pannunzio*, 7th Dist. No. 02 CA 175, 2003-Ohio-3488, at ¶11, citing *Sheppard v. Mack* (1980), 68 Ohio App.2d 95, 97, 427 N.E.2d 522; App.R. 16(C). Moreover, the magistrate properly permitted a view of the premises.

{¶45} R.C. 2315.02 permits a jury view of the premises in a civil case, and states in pertinent part:

{¶46} "If the court is of the opinion that it is proper for the jurors to have a view of property which is the subject of litigation, or of a place where a material fact occurred, it may order them to be conducted in a body under the charge of an officer to such property or place, which shall be shown to them by a person appointed by the court for that purpose."

{¶47} A view of the premises is solely for the purpose of enabling the trier of fact to understand and apply the evidence offered at trial. *Lacy v. Uganda Invest. Corp.* (1964), 7 Ohio App.2d 237, 241, 195 N.E.2d 586; *Maggart v. Deaton* (1948), 84 Ohio App. 327, 329, 87 N.E.2d 352 (applying predecessor to R.C. 2315.02). A jury view is not conducted to gather evidence; rather, the case must be tried and determined upon the evidence offered at trial. *Lacy* at 241. When the case is tried before the bench, the trial court assumes the jury's role as trier of fact and R.C. 2315.02 applies. *State v. Eckard*, 11th Dist. No. 2001-G-2336, 2002-Ohio-3127, at

¶14, citing, *Peltier v. Smith* (1946), 78 Ohio App. 171, 177, 66 N.E.2d 117.

{¶48} Permitting a view of the premises pursuant to R.C. 2315.02 is left to the discretion of the trial court and is therefore subject to an abuse of discretion review on appeal. *Vistein v. Keeney* (1990), 71 Ohio App.3d 92, 593 N.E.2d 52; *Moore v. Marietta Coal Co.* (Sept. 1, 1981), 7th Dist. No. 80-B-31, at *7. An abuse of discretion connotes more than an error of law or judgment; it implies an attitude that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482-483, 450 N.E.2d 1140, 1142.

{¶49} There is no indication that the trial court abused its discretion by permitting a jury view. Nonetheless, Day contends that the decision to permit a view of the premises violates his Fourth Amendment rights, and that opposing counsel was using deceptive tactics to gain access to his property to somehow acquire evidence to use against him in a separate criminal proceeding. These claims are unfounded.

{¶50} First, R.C. 2945.16 likewise permits a jury view of the premises in criminal cases. Second, Day cites to no case law, nor did a search reveal any cases concluding that R.C. 2945.16 or 2315.02 are unconstitutional. State statutes enjoy a strong presumption of constitutionality. *State v. Tooley*, 114 Ohio St.3d 366, 2007-Ohio-3698, 872 N.E.2d 894, at ¶29, citing, *State ex rel. Jackman v. Cuyahoga Cty. Court of Common Pleas* (1967), 9 Ohio St.2d 159, 161, 38 O.O.2d 404, 224 N.E.2d 906. Finally, permitting a view of the premises does not violate Day's Fourth Amendment rights.

{¶51} "The Fourth Amendment proscribes all unreasonable searches and seizures, and it is a cardinal principle that 'searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment-subject only to a few specifically established and well-delineated exceptions.'" *Katz v. United States* (1967), 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576.

{¶52} The view of Day's property was conducted under the auspices of the court, which concluded that such a view was reasonable. The magistrate, parties and

opposing counsel conducted a view of the outside of Day's property. Moreover, "[a]lthough society generally respects a person's expectations of privacy in a dwelling, what a person chooses voluntarily to expose to public view thereby loses its Fourth Amendment protection." *State v. Buzzard*, 112 Ohio St.3d 451, 2007-Ohio-373, 860 N.E.2d 1006, at ¶15, citing *California v. Ciraolo*, 476 U.S. 207, 213, 106 S.Ct. 1809, 90 L.Ed.2d 210. Day's property was the subject not only of the Zoning Inspector's complaint for injunctive relief and his counterclaim, but his pro-se complaint as well.. For these reasons, the view of the premises in this case does not implicate Fourth Amendment concerns. Day's second assignment of error is meritless.

**Admission of Photographs/Fraud by Opposing Counsel**

{¶53} In his fourth assignment of error, Day asserts:

{¶54} "[T]he prosecutor committed fraud upon the court by providing misrepresented evidence to the court."

{¶55} Day argues that opposing counsel misrepresented the date of certain photographs as exhibits and that these exhibits were erroneously admitted as evidence. However, Day failed to object to the admission of these exhibits at trial, and thus he waived all but plain error review. *Jacobsen v. Jacobsen*, 7th Dist. No. 03 MA 3, 2004-Ohio-3045, at ¶11, citing *Blanton v. Internatl. Minerals & Chem. Corp.* (1997), 125 Ohio App.3d 22, 27, 707 N.E.2d 960.

{¶56} The plain error doctrine is rarely invoked in civil cases and moreover is discretionary on the part of the reviewing court. It "may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson* (1997), 79 Ohio St.3d 116, 679 N.E.2d 1099, at paragraph one of the syllabus. In *Goldfuss*, the Court explained that the doctrine shall only be applied in extremely unusual circumstances where the error complained of, if left uncorrected, would have a material adverse effect on the character of and public confidence in judicial proceedings. Id. at 121. The Court

continued that the public's confidence is rarely upset merely by forcing civil litigants to live with the errors they themselves or the attorney chosen by them committed at trial. Id. at 121-122.

{¶57} The trial court did not commit error, let alone plain error by admitting the photographs, as they were relevant to the proceedings and properly authenticated:

{¶58} "Q. One moment, Mr. Monus, if you would. Did you take these photographs?

{¶59} "A. Yes.

{¶60} "Q. Or were you at least there when they were taken?

{¶61} "A. Yes.

{¶62} "Q. Or were you at least there when they were taken?

{¶63} "A. Yes. So this is the inspection that we had done with Mr. Day's attorney and the prosecutor's office.

{¶64} "Q. Back in 2007?

{¶65} "A. Yes.

{¶66} "Q. And do the photographs fairly and accurately depict the property as it existed in June of 2007 when you filed the complaint?

{¶67} "A. Yes.

{¶68} "* * *

{¶69} "Q. * * * Mr. Monus, do the photographs, Plaintiff's Exhibits 3-24, fairly and accurately depict the property as it exists today?

{¶70} "A. Yes, pretty much the same."

{¶71} Moreover, the magistrate visited the property and was able to view the condition first-hand. Based on the above, the trial court did not commit plain error by admitting the photographs. Further, Day's assertions of fraud on the part of opposing counsel are unsupported by the record, and appear to be wholly meritless. Accordingly, Day's fourth assignment of error is meritless.

### Treatment of Consolidated Cases

{¶72} In his fifth assignment of error, Day asserts:

{¶73} "[T]he Trial Court erred in not proceeding forward with consolidated Case No. 07 CV 4404."

{¶74} Day contends that the trial court erred by not proceeding to hear his complaint despite having consolidated it with the Zoning Inspector's case. A court's decision to consolidate cases pursuant to Civ.R. 42(A) is reviewed for an abuse of discretion, as is, more generally, the court's management of its docket. See *Director of Highways v. Kleines* (1974), 38 Ohio St.2d 317, 319, 313 N.E.2d 370; *Jamestown Village Condo. Owners Assn. v. Market Media Research, Inc.*, 96 Ohio App.3d 678, 687, 645 N.E.2d 1265. "The obvious purpose of Rule 42(A) is for convenience of trial, for preventing multiplicity of actions, and for the saving of costs." Civ.R. 42(A), Staff Notes (1970).

{¶75} When two cases are consolidated, they are not merged into a single cause but maintain their individual identities. *Transcon Builders, Inc. v. City of Lorain* (1976), 49 Ohio App.2d 145, 359 N.E.2d 715, syllabus. The trial court did not abuse its discretion by deciding the Zoning Inspector's case before Day's pro-se complaint despite the consolidation. Further, Day cannot show prejudice. Since the trial court included the Civ.R. 54(B) language in that entry, the January 22, 2010 judgment is a final appealable order and Day's pro-se complaint remains pending in the trial court. For all these reasons, Day's fifth assignment of error is meritless.

### Discovery

{¶76} In his third assignment of error, Day asserts:

{¶77} "[T]he Trial Court erred in forcing Appellant to surrender his personal books and papers despite an assertion of a Fifth Amendment right."

{¶78} This assignment of error involves a discovery dispute that occurred in the separate case filed by Day which, although consolidated with the Zoning Inspector's case, was never finally disposed of in the trial court, and thus not a part of this appeal. Further, this assigned error involves the conduct of a party, Poland Township, that is not an appellee in this appeal. As we lack jurisdiction over this assignment of error, it is dismissed.

**Effect of the 1978 Injunction**

{¶79} In his eighth, ninth, and tenth assignments of error Day asserts, respectively:

{¶80} "[T]he Trial Court erred in denying Appellant's legal arguments that the doctrine of res judicata applied to Appellant's case."

{¶81} "[T]he Trial Court erred in ignoring a mandate of the Seven [sic] District Court of Appeals."

{¶82} "[T]he Trial Court erred in retroactively applying the Poland Township Resolution to Appellant's property despite a pre-vested right."

{¶83} Each of these assignments of error hinge upon Day's contention that the 1978 Injunction, and this court's subsequent decision upholding the Injunction, effectively preclude the Zoning Inspector from regulating Day's use of his property.

{¶84} The 1978 Injunction does not exempt the property from all zoning regulation. Rather, it granted the Days a permanent injunction to continue its truck hauling business as a pre-existing nonconforming use. In its order upheld by this court on appeal, *Day v. Poland Twp. Trustees* (Sept. 15, 1983), 7th Dist. No. 82 C.A. 76, the trial court stated, in pertinent part:

{¶85} "The evidence is clear to this Court * * * that although there have been at times trucks stored upon the property and on other occasions some loaded trucks were on the property, these were temporarily there and were connected to the hauling business. The general character of the business has not changed.

{¶86} "It is, also, clear to this Court that although there has been an increase in the traffic on and off the Day property, that this has resulted from an increase in the volume of business rather than an increase in the character and nature of the business.

{¶87} "The Court finds from the evidence that the Plaintiffs [Days] have a valid and existing nonconforming use of the property in question; that the character and nature of the business of the Days has not changed; that there has been no change in the property by way of expansion or by any other means which would

destroy the existing right."

**{¶88}** The 1978 Injunction does not permit Day to violate Article 7, Section 7.21 of the Zoning Resolution. This Court has previously reached this conclusion in *Day*, 2006-Ohio-7070, with regard to the predecessor of Article 7, Section 7.21:

**{¶89}** "The plain language of the 1978 injunction is clear and there is no need for modification or clarification from the issuing court - trucks were only to be stored on the property on a temporary basis.

**{¶90}** "It is also clear from the language of the 1978 injunction which established appellant's preexisting nonconforming use concerning the truck hauling business that that use did not excuse appellant from complying with [the] Poland Township Zoning Resolution[.]" *Day*, 2006-Ohio-7070, at ¶21-22.

**{¶91}** Day's res judicata argument is also meritless. The facts surrounding the instant litigation are different than they were in 1978, and therefore the 1978 Injunction does not have a preclusive effect on the outcome of this case.

**{¶92}** Finally, Day argues that the trial court erred by failing to admit briefs and pleadings from the 1978 Injunction into evidence at trial in this case. Decisions regarding the admissibility of evidence are within the broad discretion of the trial court and will be upheld absent an abuse of discretion. *Beard v. Meridia Huron Hosp.*, 106 Ohio St.3d 237, 2005-Ohio-4787, 834 N.E.2d 323, at ¶20. "Even in the event of an abuse of discretion, a judgment will not be disturbed unless the abuse affected the substantial rights of the adverse party or is inconsistent with substantial justice." Id. The trial court did not abuse its discretion. Day sought to admit those briefs in an attempt to prove what arguments were raised and litigated during that case. Although the trial court did not allow the briefs and pleadings from that case into evidence, it *did* admit the 1978 Injunction decision into evidence and took judicial notice of this court's decision affirming the 1978 Injunction. In light of that, Day cannot show how the court's decision prejudiced him.

**{¶93}** Accordingly, Day's eighth, ninth, and tenth assignments of error are meritless.

## Application of Zoning Resolution

{¶94}   In his sixth assignment of error, Day asserts:

{¶95}   "[T]he Trial Court erred in finding Appellant in violation of the Poland Township Zoning Resolution absent a finding of a public nuisance or a threat to public health and safety."

{¶96}   This assignment of error is meritless for several reasons.  First, a similar argument was raised by Day and rejected by this court in *Day*, 2006-Ohio-7070:

{¶97}   "Appellant argues that the doctrine of nonconforming use should be applied to his land because of the 1978 injunction permitting the nonconforming use of the truck hauling business.  Appellant contends that because storing abandoned vehicles and debris on his property is part of the nonconforming use permitted by the injunction, the zoning laws are only applicable if the use is a public nuisance or a threat to public safety.

{¶98}   "Appellant cites City of *Dublin v. Finkes* (1992), 83 Ohio App.3d 687, 615 N.E.2d 690 where the court held "certain municipal police power regulations or ordinances may be applied retroactively even to nonconforming uses.  However, this exception applies to those regulations or ordinances which are based upon " ' * * * a factual determination that the continued use of the property without improvement immediately and directly imperils the public health * * * [or] safety * * *.' "  Id. at 691, 615 N.E.2d 690, quoting *Gates Co. v. Columbus Hous. Appeals Bd.* (1967), 10 Ohio St.2d 48, 52, 39 O.O.2d 42, 225 N.E.2d 222.  Appellant believes that because his nonconforming use is not a public nuisance or a threat to public safety or health, the zoning laws are inapplicable to him.

{¶99}   "As Poland Township correctly observes, appellant's reliance on *Finkes* is misplaced.  The Township's zoning laws were not being applied to appellant's pre-existing nonconforming use of the property as a truck hauling business.  As discussed under appellant's first assignment of error, the 1978 injunction did not contemplate appellant storing "abandoned, wrecked, or dismantled" trucks on the property.  In

other words, appellant's pre-existing nonconforming use did not include the storing of "abandoned, wrecked, or dismantled" trucks. Therefore, Poland Township Zoning Resolution, Article Three, Section 300.4(O)(1), applies to appellant just as it would anyone else." *Day*, 2006-Ohio-7070, at ¶28-30.

{¶100} Likewise, the cases cited by Day in the context of this appeal are inapposite. The Zoning Inspector did not apply its Zoning Resolution to Day's nonconforming use. Rather, the Zoning Resolution was applied to uses that greatly exceeded the scope of Day's nonconforming use, to wit, the storage of abandoned, inoperable and dismantled truck parts and other miscellaneous equipment and debris.

{¶101} Finally, the Zoning Inspector did testify that there were health and safety concerns regarding the violations on Day's property:

{¶102} "Q. Can you explain the health and safety factor of Article Seven, Section 72.1?

{¶103} "A. Yes, dealing with the health and safety is having these drums, barrels, vehicles that are leaking antifreeze, battery acid, fuel into the ground, into the waterway, if you're aware that there is [sic] some creeks that run into the rear portion of your yard that drain into the major spill waterways. Those are concerns that the township would have in terms of polluting any down streams, individual, natural wildlife. So yes, there is a concern with respect to that."

{¶104} Accordingly, Day's sixth assignment of error is meritless.

**Trial Court's Refusal to Void Judgments in Other Cases**

{¶105} Finally, in his seventh and eleventh assignments of error, Day asserts, respectively:

{¶106} "[T]he Trial Court erred in allowing a void judgment to be presented as evidence."

{¶107} "[T]he trial court erred in neglecting to continuously inspect the record to insure it had subject matter jurisdiction to proceed forward."

{¶108} Day contends that judgments rendered in the Struthers Municipal Court, and this court's decision in *Poland Twp. v. Day*, 7th Dist. No. 05-MA-220, 2006-

Ohio-7070, are void for lack of subject matter jurisdiction, and that the trial court erred by admitting them as evidence. Day also seems to argue that the trial court in this case lacked subject matter jurisdiction.

{¶109} As aforementioned, evidentiary matters are left to the discretion of the trial court and are reviewed for an abuse of discretion. *Beard*, 106 Ohio St.3d 237, at ¶20. The trial court did not abuse its discretion by admitting those judgments into evidence. No court has ruled that these judgments are void. Day contends he can file a motion in the midst of a court case and attack decisions from other cases as void and inadmissible, when that is not the proper procedure. Rather, "the appropriate recourse for challenging a void judgment that is encumbered by a jurisdictional defect is to file a common-law motion to vacate based upon the inherent power of a trial court to set aside a judgment." *Miley v. STS Systems, Inc.*, 153 Ohio App.3d 752, 2003-Ohio-4409, 795 N.E.2d 1254, at ¶7.

{¶110} While it is axiomatic that subject-matter jurisdiction cannot be waived, and may be raised sua sponte by the trial court, *Foreman v. Lucas Cty. Court of Common Pleas,* 189 Ohio App.3d 678, 2010-Ohio-4731, 939 N.E.2d 1302, at ¶12, 18, here there is no indication that the trial court lacked subject matter jurisdiction to proceed. In fact, the issue of the trial court's subject matter jurisdiction was raised by Day in his petition for writ of prohibition and rejected by the Ohio Supreme Court. Accordingly, Day's seventh and eleventh assignments of error are meritless.

{¶111} Day's assignments of error are meritless. Day waived the defense of failure to join necessary parties, and even if it was not waived, the president of Day's business was not a necessary party to this suit. R.C. 2315.02 permits a jury view, or in the case of a bench trial, a court view, of the premises and there is no indication that this violated Day's Fourth Amendment rights. The trial court did not commit plain error by admitting the photographs as exhibits as they were relevant and properly authenticated. The trial court did not abuse its discretion in its management of the consolidated cases. Day's Fifth Amendment rights were not violated by the trial court's order for him to produce documents since they were non-testimonial in nature.

The 1978 Injunction, which established Day's nonconforming use did not exempt the property from all zoning regulation. The Zoning Inspector was not required to find a public nuisance or a threat to public health and safety as a prerequisite to finding a zoning violation on the property. Finally, there is no indication that the trial court lacked subject matter jurisdiction and Day cannot attack the validity of decisions in completely separate cases via motions made or filed in this case. Accordingly, the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.